# INTERNATIONAL TEXT-BOOK COMPANY *v.* DISTRICT OF COLUMBIA.

---

MUNICIPAL CORPORATIONS; INJUNCTIONS; COURTS; CORPORATIONS; APPEALS; POLICE REGULATIONS; LICENSES; INTERSTATE COMMERCE.

1. In a suit to enjoin municipal authorities from enforcing a police regulation, and to compel them to refund a license tax collected from the complainant under it, this court will take judicial notice of an act of Congress and another police regulation upon the same general subject.

2. A foreign corporation, although engaged in interstate commerce, is bound by reasonable police regulations in force in a city where it does business, and designed to promote the health, peace, and morals of the community, such as a statutory regulation requiring billposters to pay a license fee of $20.

3. In the absence of proof to the contrary, it will be assumed that a license fee of $20, required of billposters, is proportionate to the amount of municipal supervision required.

4. Art. 8, police regulations of this District, as amended to July 24, 1906, making it unlawful to scatter advertising matter in such manner as to litter the streets, is a proper exercise of the police power of the municipality, and applies to foreign corporations doing business in this District, although they are engaged in interstate commerce.

No. 1910.  Submitted April 6, 1909.  Decided May 26, 1910.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, sustaining a demurrer to and dismissing a bill in equity for an injunction to restrain the defendant from making and enforcing ordinances relating to the plaintiff's business, and for other relief.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Alexander G. Bentley* and *Mr. David C. Harrington* for the appellant.

*Mr. Edward H. Thomas,* corporation counsel, and *Mr. William Henry White,* Assistant, for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decree of the supreme court of the District of Columbia, sustaining the demurrer to appellant's bill of complaint, and dismissing said bill, and involving the authority of the District to enforce, as against appellant, the provisions of a statute relating to the business of bill posting, and a regulation relating to scattering advertising matter upon the streets.

Appellant, the International Text-Book Company, a corporation, is a Pennsylvania corporation, and conducts so-called correspondence schools in said state.  This business it conducts by preparing and publishing instruction papers, text-books, drawing plates, etc., all of which it forwards to enrolled students wherever located.  The bill alleges that a representative was

appointed in the District of Columbia to obtain other persons proposing to enroll themselves as students in the various courses of correspondence instruction offered by appellant, and that when one of said applications is accepted by appellant in Pennsylvania, proper papers of instruction are forwarded to the student. This, the complainant alleges, constitutes interstate commerce.

The complainant further alleges the existence in this District of a regulation requiring "all persons engaged in posting advertising bills or distributing circulars to obtain a license therefor, and to pay an annual license fee of $20," and imposing a penalty on anyone who should violate said regulation; that on or about November 13th, 1906, appellee demanded of one of appellant's employees in the District that he obtain a license, in accordance with the provisions of said regulation, "before said employee should be allowed by the defendant to distribute in the District of Columbia certain circulars of the complainant; and that said employee, on or about the said 13th day of November, 1906, paid said sum of $20 to the defendant for said license." It is then averred that the complainant, on or about the 8th day of December, 1906, requested the defendant "to stop interfering with the employees of the complainant," and to refund the amount paid for said license, but that the defendant has refused, and still refuses, so to do.

The bill also avers that the appellee "has prevented employees of the complainant from distributing to persons on the streets of the city of Washington, in the District of Columbia, circulars and advertising matter of the complainant, and that the defendant still prevents the employees of the complainant from so doing." It is further averred that such interference will cause the complainant irreparable injury and loss of trade. An injunction is prayed against the defendant from enforcing said ordinance as against the complainant, and from "prescribing and making, or attempting to prescribe and make, regulations and ordinances relating to or governing the transaction of the complainant's business," and that the defendant "be ordered and directed to refund to the complainant the sum of $20 paid for

the license mentioned in paragraph (9) of this bill of complaint."

While the petition alleges that the tax in question was collected under the authority of said regulation, the court will take notice of the provisions of paragraph 39 of sec. 7 of the act of Congress approved July 1st, 1902 (32 Stat. at L. 622, chap. 1352), requiring "billposters and persons engaged in the business of painting or placing signs or advertisements on land, buildings, billboards, fences, or other structures in the District of Columbia, visible from a street or other public space," to pay an annual tax of $20 before engaging in said business. The court will also take notice of article 8 of the police regulations of the District of Columbia, as amended to July 24th, 1906, which in effect makes it unlawful to scatter paper, handbills, dodgers, cards, circulars, or advertising matter of any kind in such a manner as to litter the streets.

At the suggestion of the complainant, it being the only party prejudiced by the delay, the decision in this case has been withheld to await the decision of the Supreme Court of the United States in *International Text-Book Co.* v. *Pigg* (decided April 4th, 1910) 217 U. S. 91, 54 L. ed. 678, 27 L.R.A.(N.S.) 493, 30 Sup. Ct. Rep. 481. In that case one of appellant's students in the State of Kansas sought to avoid payment for a so-called scholarship because of the failure of appellant to comply with a law of the State of Kansas requiring a corporation organized under the laws of any other state, territory, or foreign country, and seeking to do business in Kansas, to obtain "permission" from the State charter board to engage in business in Kansas as a foreign corporation. To obtain such permission a fee of $25 was required to be paid, and the applicant was also required to prepare and deliver to the secretary of state a complete, detailed statement of the condition of such corporation on the 30th day of June next preceding. Failure to file such a statement rendered a corporation incapable of maintaining an action in a court of Kansas. It was held that the business of appellant, as above briefly described, constituted interstate commerce, and that said statute of Kansas was a direct burden upon such

commerce. The court said: "The effect of such requirement is practically the same as if a formal license was required as a condition precedent to the right to do such business. In either case it imposes a *condition* upon a corporation of another State, seeking to do business in Kansas, which, in the case of interstate business, is a regulation of interstate commerce, and directly burdens such commerce. The State cannot thus burden interstate commerce." But we think there is a wide distinction between that case and the one under consideration. The statute in that case applied solely to foreign corporations, had no proper relation to the police powers of the State, and directly affected interstate commerce. The statute here under consideration is general, and imposes the same burden upon the citizens of the District of Columbia as upon strangers. It does not purport to deny to the complainant the right to do business in this District, nor does it require the payment of a license fee as a condition precedent to the carrying on of such business. It simply requires those who would engage in the business of bill posting to pay an annual fee of $20 for the privilege. It will hardly be contended that because of the mere fact that a foreign corporation is engaged in interstate commerce, it is not bound by such reasonable police regulations as the municipality may enact to promote the health, peace, or morals of the community. To illustrate: Would it be contended that because the plaintiff is engaged in interstate commerce, it could with impunity violate a municipal regulation prohibiting a noisy street parade at midnight? Is not the real question with which we are confronted whether the statute in question is a reasonable exercise of the police power?

It is a matter of common knowledge that the literature and art of the billboard require careful supervision. The matter thereon displayed may be inspected by young and old alike, and it requires no argument to sustain the proposition that to permit the indiscriminate enjoyment of such a privilege would injuriously affect the morals of the community. Moreover, such posters, being subjected to the elements, soon become detached from the boards upon which they are placed and litter the streets.

Congress having these things in mind, and realizing that the proper supervision and control in this District of the business of bill posting would necessarily entail expense upon the District, enacted this statute. In the absence of proof to the contrary, we must assume that the fee demanded is proportionate to the extent of the supervision required. We think the decision in *Atlantic & P. Teleg. Co.* v. *Philadelphia,* 190 U. S. 160–164, 47 L. ed. 995–1000, 23 Sup. Ct. Rep. 817, controlling here. In that case it was held that where telegraph companies engaged in interstate commerce carry on their business so as to require police supervision, the municipality is not obliged to furnish such supervision at its own expense, but it may, in addition to ordinary property taxes, subject the corporations to reasonable taxes for such expense. The court, speaking through Mr. Justice Brewer, said: "The tax sought to be collected in this case was not a tax upon the property or franchises of the company, nor in the nature of rental for occupying certain portions of the street. Neither was it a charge for the privilege of engaging in the business of interstate commerce; but it was one for the enforcement of local governmental supervision, such as was presented in *Western U. Teleg. Co.* v. *New Hope,* 187 U. S. 419, 47 L. ed. 240, 23 Sup. Ct. Rep. 204, where we said (p. 427): 'This license fee was not a tax on the property of the company, or on its transmission of messages, or on its receipts from such transmission, or on its occupation or business, but was a charge in the enforcement of local governmental supervision, and, as such, not in itself obnoxious to the clause of the Constitution relied on.' " The court further held that the reasonableness of such charges depended upon the circumstances of the particular case. It will thus be seen that the modest tax, from the payment of which the complainant seeks to be relieved, is to be ascribed to the authority of the municipality to supervise such a business, and not as an attempt to burden or regulate interstate commerce.

The regulation prohibiting the throwing of advertising matter upon the streets is a proper exercise of police power. Those doing business within the District must, as above indicated, be

subject to reasonable supervision and control. The right to engage in interstate commerce does not carry with it the right to create a nuisance.

It appearing that the matters complained of amount to no more than an attempt on the part of the District authorities to enforce reasonable police provisions, it follows that the decree appealed from must be affirmed, with costs.     *Affirmed.*