(No. 32710.—

THE CITY OF CHICAGO, Appellee, *vs.* CHARLES SCHALL, Appellant.

*Opinion filed January 20, 1954.*

VICTOR M. GOULDING, of Chicago, for appellant.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, and JOHN L. STEFFENS, of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Charles Schall, an operator of a trailer camp on the outskirts of the city of Chicago, was found guilty and fined in the municipal court of Chicago for failure to have a license, in violation of section 179-2 of the Municipal Code. Defendant appeals directly to this court, on the certificate of the trial judge that the validity of a municipal ordinance is involved and that in his opinion the public interest requires such direct appeal.

Defendant's principal contention is that the ordinance is unconstitutional. The ordinance provides that "It shall be unlawful for any person to conduct or operate within the limits of the city any trailer camp unless such person shall first obtain a license therefor." An annual license fee of $500 is required. To reverse the judgment defendant argues that the amount of this fee bears no reasonable relation to the additional burdens and expenses of regulation, and therefore renders the ordinance null and void. There is no evidence in the record, however, concerning the cost and expense involved in regulating and supervising the business in question. Absence of the necessary relationship cannot ordinarily be inferred from the amount of the fee alone, but must be shown by evidence. (See *City of Chicago Heights* v. *Public Service Co.* 408 Ill. 604, 609.) The mere probability that the license fee may in some degree exceed such costs will not render the ordinance invalid. In the absence of proof we cannot regard the present amount as arbitrary and unreasonable. The burden was on defendant to show the lack of a reasonable relationship, (*Larson* v. *City of Rockford,* 371 Ill. 441,) and he has failed to sustain that burden.

*Judgment affirmed.*