Alice M. ABDOW, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee

No. 1542.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 20, 1954.

Decided Oct. 20, 1954.

Rehearing Denied Nov. 1, 1954.

Nathan L. Silberberg, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of violating Art. XXXVI of the Police Regulations of the District of Columbia, which defines a "mechanical amusement machine" to mean "any machine, device, or appliance, except music machine, offered for use by the public, as a game, entertainment, or amusement * * *, which may be operated or caused to operate by the insertion of a coin," and which provides that owners or operators of establishments in which mechanical amusement machines are offered for public use shall obtain an annual license and pay an annual license fee of $12 for the first three machines, plus $12 for each additional three machines or fraction thereof. The facts of this case are simple and undisputed. Appellant conducts a photographic studio and has in the waiting room a mechanical amusement horse on which small children "ride" when a coin is inserted in the machine. Appellant freely admitted she had no license for the operation of the machine

The general license law of the District, Code 1951, Title 47, Ch. 23, specifically provides for a license fee on numerous businesses and occupations and also authorizes the Commissioners "when in their discretion such is deemed advisable, to require a license of other businesses or callings * * * which, in their judgment, require inspection, supervision, or regulation * * * and to fix the license fee therefor in such amount as, in their judgment, will be commensurate with the cost to the District of Columbia of such inspection, supervision, or regulation * * *." Code 1951, § 47-2344. We think there can be no question that the Commissioners had the power to require a license for mechanical amusements designed for use by the public and particularly, as in this case, by small

children. Cf. Savage v. District of Columbia, D.C.Mun.App., 54 A.2d 562.

Appellant contends that the license fee is a tax and that taxation is not a form of police regulation. We think it is clear that this license is one for regulation and not for revenue. It is also contended that the license is imposed on the machine and that the Commissioners may require a license only of a business or calling. We see no merit to this argument. The license is on the calling; the fee is measured by the number of machines.

Appellant also claims that the regulation is discriminatory because it exempts music machines and sets a standard license fee for all mechanical amusement machines regardless of type or size. The Commissioners have the right to make reasonable classification and we see nothing arbitrary or capricious either in the exemption of music machines or the grouping of all other mechanical amusement machines in one class.

The point seemingly stressed by appellant, both here and in the trial court, is that the Commissioners are authorized by statute to fix the license fee only "in such amount as, in their judgment, will be commensurate with the cost to the District of Columbia of such inspection, supervision, or regulation," and that the government failed to prove any relation between the $12 license fee and the cost of inspecting, supervising, or regulating the mechanical horse. This argument overlooks the presumption, in the absence of evidence to the contrary, that the license fee is reasonable and proportionate to the required cost of supervision. International Text-Book Co. v. District of Columbia, 35 App.D.C. 307. The burden of proving the lack of reasonable relationship between the fee and the cost was on appellant. City of Chicago v. Schall, 2 Ill.2d 90, 116 N.E.2d 872; McQuillin on Municipal Corporations (3d ed.), Vol. 9, § 26.34. Appellant offered no proof on this subject and we cannot hold as a matter of law that the amount of the fee was excessive or unreasonable.

Appellant's final point is that the regulation was adopted in 1948, and that since this type of machine did not exist until 1951, "the Commissioners could not have had in mind anything like this machine." Whether or not the Commissioners had this type of machine in mind, the language of the regulation is broad enough to include it.

Affirmed.