THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CECELIA LEDERLE, Defendant.

Court of Special Sessions held by a City Magistrate of the City of New York, Borough of Queens, August 9, 1954.

*Adrian P. Burke, Corporation Counsel (James J. Hurley* and *Milton Mollen* of counsel), for plaintiff.

*Raymond Kiernan O'Brien* for defendant.

J. I. SHAPIRO, J. Sitting as a Court of Special Sessions we are confronted with two problems for determination. They are:

(1) Is the complaint, based as it is, upon information and belief, sufficient to compel the defendant to stand trial? And

(2) Do the conceded facts in this case constitute a substantive violation of law?

The complaint is made by one James Wallace, an inspector of the department of housing and buildings of the City of New York, who *upon information and belief* alleges that the defendant violated section 643a–9.0 of the Administrative Code of the City of New York in that she knowingly failed and neglected to comply with a lawful order issued by the commissioner of the department of housing and buildings and the borough super-

intendent of the borough of Queens of the City of New York, predicated upon section 22 of article 5 of the Zoning Resolution of the City of New York (erroneously referred to in the complaint as § 5, art. 22).*

The complaint further alleges that said order, *a copy of which is attached to and made part of the complaint,* was issued by said commissioner and borough superintendent on November 4, 1953, with reference to the use of a trailer stationed by the defendant on its property in a residential use district.

It is further alleged, *upon information and belief,* that said order was served on the defendant on January 28, 1954, and that the order for the removal of said trailer has not been complied with.

Inspector Wallace then proceeds to allege that the source of his information and the grounds of his belief as to the matters stated in his complaint are certain affidavits and reports made to and filed with his department, *true copies of which are annexed to the complaint and made a part thereof.*

Inspector Wallace then alleges *" on personal knowledge "* that the affidavit of service, reports and orders aforesaid were made and thereafter filed in said department as official records or memoranda of the occurrences, conditions and matters therein set forth, and made in the regular course of the business, duties and functions of the persons making the same, and of said department.

It is the defendant's contention that the complaint is insufficient as a matter of law because the substantive allegations setting forth the criminal offense are based entirely upon information and belief and not upon any personal knowledge of the facts by the affiant.

The contention is overruled. A complaint or information charging a misdemeanor serves a dual function: It may be used as the basis for the obtaining of a warrant for the arrest of a defendant *and* as a pleading, or it may be utilized *solely* as a pleading in a case in which the defendant has voluntarily appeared in court or in which he has appeared in court after the service of a summons upon him. Where the complaint is used as a predicate for the obtaining of a warrant of arrest, it must set forth facts showing the commission of a designated crime and proper legal proof indicating that the defendant

---

* No point is made of this apparent typographical transposition of numbers, and the court accordingly, upon its own motion, deems the complaint amended to show the true section and article.

sought to be arrested committed the crime charged. In such a case, allegations upon pure information and belief (in other words, allegations based upon inadmissible hearsay or other incompetent evidence) would be insufficient for the issuance of a warrant, and the court would have no jurisdiction to issue the same. Where, however, the sources of the information and the grounds of the belief are set forth in the complaint or information and are of such a nature that they themselves would be admissible upon a trial without the production for examination and cross-examination of the persons whose information and belief is incorporated in the affiant's affidavit, the complaint or information is sufficient. That is the situation here.

The complaint alleges that the inspections were made by the inspector in the regular course of his duties as an inspector of the department of housing and buildings, and that the result of said inspection showing a violation of law and setting forth the facts thereof was immediately filed in the department, all in accordance with the regular course of business of said inspector and of said department.

Under such circumstances and pursuant to the provisions of section 374-a of the Civil Practice Act, the records thus made would be admissible in evidence without the production in court of the person making the inspection and filing the report. (*People* v. *Kohlmeyer*, 284 N. Y. 366.)

The defendant contends, however, that section 374-a of the Civil Practice Act may not be utilized here because section 1 of the Civil Practice Act limits the application of that act to courts of record. Concededly, neither the Magistrates' Court of the City of New York nor that court sitting as a Court of Special Sessions is a court of record. What defendant misapprehends, however, is that section 1 of the Civil Practice Act which limits the application of that act to courts of record means courts of record in *civil cases*. Its provisions, standing alone, have no application to criminal courts of any kind, and the only reason that section 374-a of the Civil Practice Act is applicable to criminal cases is because section 392 of the Code of Criminal Procedure provides that '' rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in this code.'' But the Code of Criminal Procedure does not limit the applicability of section 374-a of the Civil Practice Act in criminal cases to criminal courts of record only; it applies to '' criminal cases '' generally and without limitation.

In *People* v. *Belcher* (302 N. Y. 529, 534), the court held that no further deposition than that of the affiant was called for, since the information in that case was based upon sufficient legal evidence identifying the crime charged and the defendant's probable guilt, and the Court of Appeals refused to be drawn into a discussion as to whether the law of this State requires that when used solely as a pleading, as distinguished from being used on an application for a warrant, a complaint or information must be sworn to by a person competent to testify to the facts recited.

Said Judge Fuld in that case: " There is no explicit constitutional or statutory requirement that the information, (as a pleading) * * * be sworn to by a person competent to testify to the facts recited. Whether such a requirement is nevertheless to be enforced, by analogy, upon considerations of policy * * * or whether, on the other hand, the requisites for an information as a pleading are to be no more stringent than those for an indictment as a pleading, is an open question in this court. It was not presented in *People* v. *Brous* (296 N. Y. 1028) — the objection to the information in that case having been waived — and we find it unnecessary to decide it here, *since the information is not based upon inadmissible hearsay or otherwise incompetent evidence.*" (Matter in parentheses and italics supplied.)

Similarly we need not reach that question here for this court holds *as a matter of law* that not only is the information before the court sufficient *as a pleading* by reason of the provisions of section 374-a of the Civil Practice Act and section 323 of the Code of Criminal Procedure, but that even upon a trial the persons whose information is annexed to the complaint would not have to be called as witnesses in order for the People to establish their prime case.

Although neither side has briefed the point nor mentioned the section, there is yet another ground for holding the information sufficient both as a pleading and for the primary issuance of a warrant thereon. Section 367 of the Civil Practice Act entitled " *Certificate of officer as evidence of facts* " provides as follows: " Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit touching an act performed by him, or to a fact ascertained by him, in the course of his official duty; and to file or deposit it in a public office of the state; the certificate or affidavit so filed or deposited, or an exemplified copy thereof, is presumptive

evidence of the facts therein alleged, except where the effect thereof is declared or regulated by special provision of law.''

The provisions of the Administrative Code of the City of New York require such records to be made and filed.

'' § 641–3.0 *Bureaus.*— In the department there shall be: 1. An inspection bureau; 2. A bureau of records.  § 641–4.0 *Inspection bureau* — The inspection bureau shall inspect all completed buildings, and record all violations of the law relative to such buildings that are enforced by the department. § 641–5.0 *Records in department: bureau* — a. The bureau of records shall keep records of every building in the city.  Such records shall be kept in the manner and form prescribed by the commissioner.  b. Such records shall include: 1. A diagram of each such building, showing the shape of the building, its width and depth, also the measurements of the unoccupied area, showing shafts, courts, yards, and other open spaces. Such diagram shall include a diagram of the second or typical floor of the building, showing the sizes and arrangements of the rooms, and all doors, stairs, windows, halls and partitions; 2. A statement of the date or the approximate date when the building was erected. *  *  * § 644b–1.0 *Inspection of completed multiple dwellings.*— a. The commissioner shall cause an inspection of every completed multiple dwelling to be made periodically.  Such inspection shall include examination of cellars, halls, water-closets, privies, plumbing, yards, areas, fire escapes, roofs, shafts, courts, tanks and all other parts of such dwellings and the premises connected therewith.  b. The inspectors shall report immediately to the commissioner all violations of the multiple dwelling law.''

Under the circumstances, the records recited in the affidavit of inspector Wallace and attached to and made part of his complaint are admissible in evidence under both section 374-a of the Civil Practice Act (*People* v. *Kohlmeyer, supra*) and section 367 of the Civil Practice Act (*People* v. *Nisonoff,* 293 N. Y. 597; *Petrozak* v. *State of New York,* 189 Misc. 809).

Coming now to the substantive question which simply stated is: May the defendant park and maintain an automobile trailer for living purposes in the back of her one-family house?  It is undisputed that since at least March, 1953, the defendant, who has a certificate of occupancy for her own home as a one-family house, has maintained in the rear thereof an automobile trailer equipped and used for living purposes.  To supplement the record, counsel for the defendant in a letter to the court dated July 23, 1954, stipulated with the People that the house trailer

in question is "occupied and lived in by people." The defendant maintains that since concededly the department of housing and buildings does not and will not issue a certificate of occupancy for the maintenance of an automobile trailer as a residence she may not be held criminally responsible for not obtaining such a certificate. The defendant further contends that Pullman trains and boats are equipped and used for residential and sleeping purposes without a certificate of occupancy being required by the City of New York. The contention made by the defendant is deemed by this court to be entirely specious. In the case of a boat or a Pullman car we are dealing with an object basically mobile in nature, whereas here the automobile trailer, although originally equipped to be used for purposes of living in locomotion, is in fact an immobile place for residence, and so used or permitted to be used by the defendant, even though wheels are attached thereto which might be but *are not* used to move the trailer from place to place. The law must concern itself with realities and not with illusions, with facts and not with phantoms. *It is the undeniable fact that this trailer though on wheels has been immobilized for more than a year and that to all intents and purposes it is used as a dwelling for living purposes.*

Could it be contended that if a house were placed on wheels so that it could be drawn from place to place it could then be placed permanently or for a long, protracted and indefinite period of time upon a plot of ground in the city of New York and then used for living purposes without compliance with the requisite provisions of the laws of the City of New York which have been enacted to preserve the health, well-being and safety of all of its citizens? Or, to take another example, suppose the defendant, instead of placing this immobilized trailer upon the rear of its lot, placed a mammoth tent thereon to be used as living quarters; could it then be fairly contended that in such a case the defendant would not have to comply with the "use" provisions of the laws of New York City? The very questions answer themselves.

The City of New York has a right to establish proper laws to safeguard the well-being, health and welfare of its citizens, and pursuant thereto to enact reasonable rules, laws and regulations for the use of land within the city of New York. This it has done by the enactment of section 22 of article 5 of the Zoning Resolution of the City of New York. That resolution provides: "§ 22. *Unlawful use; Certificate of Occupancy. It shall be unlawful to use or permit the use of any* building or

*premises or part thereof hereafter* created, erected, *changed* or converted wholly or partly *in its use* or structure *until a certificate of occupancy to the effect that the* building or *premises or part thereof so* created, erected, *changed* or converted *and the proposed use thereof conform to the provisions of this resolution shall have been issued by the Department of Housing and Buildings.''* (Italics supplied.) The use made by this defendant of part of its premises for living purposes is not a recognized or permitted use under its certificate of occupancy, which limits it to a one-family dwelling, and the defendant has permitted such use to continue in violation of law for more than one year.

Defendant is therefore found guilty and is directed to appear for sentence in this court on the 25th day of August, 1954.