## The Franklin Furniture Company *v.* City of Bridgeport et al.

Baldwin, O'Sullivan, Wynne, Daly and Phillips, Js.

Argued May 11—decided June 27, 1955

*Samuel Reich, Samuel S. Freedman* and *Harry Freedman,* for the appellant (plaintiff).

*John V. Donnelly,* for the appellees (defendants).

WYNNE, J.  In this action the validity of an ordinance of the city of Bridgeport is attacked.  The ordinance was adopted by the common council of the city on March 17, 1952, in the claimed exercise of police power.  The plaintiff, a furniture dealer, instituted the action against the city and its prosecuting officers, alleging that the ordinance is void. An injunction restraining the enforcement of the ordinance was sought.  The trial court found the issues for the defendants, and the plaintiff has appealed.

The plaintiff operates a furniture store on Main Street, a public highway in the city of Bridgeport. On December 31, 1946, it erected an advertising sign which extended outward from, and at right angles with, the face of its building and hung above the sidewalk.  The sign cost approximately $2500. It was erected under a permit issued by the building inspector of the city in accordance with ordinances in existence at the time.  There are similar signs throughout the city.  Pursuant to the ordinance of March 17, 1952, demand has been made upon the plaintiff and others similarly situated to remove, alter or replace any signs which are in violation of the terms of the ordinance.  No inspection of the plaintiff's sign or of other signs similar to it has been made by the city to determine whether they are in fact hazardous or unsightly.  Marquees have been constructed and maintained across the public sidewalk in front of entrances to various hotels and theaters in the city.

The pertinent sections of the ordinance appear in the footnote.[1] The legal issues presented in the

[1] "Section 1. It is declared that the maintenance of signs which project over any sidewalk presents hazards which are detrimental to the public interest and to the public safety; that such signs are a source of danger to users of streets and sidewalks and to adjacent property, particularly during wind storms; that they have a tendency to interfere with the protection of life and property in the event of fire and constitute a potential hazard to members of the Fire Department and other public officers engaged in fighting fires; that they are unsightly and tend to have a depreciating effect on adjacent property; that their value for advertising purposes tends to be diminished due to the obscuring effect of like signs on other properties which results in the construction of increasingly larger signs designed to counteract the obscuring effect of adjacent signs; and that the necessity in the public interest of the provisions hereinafter contained in this ordinance is proclaimed hereby as a matter of legislative determination.

.     .     .     .     .

"Sec. 3. Except as hereinafter provided, no advertising or name sign and no advertising device of any character shall be erected or maintained so as to extend or project over any part of any sidewalk.

"Sec. 4. No wall sign, as herein defined, shall be erected or maintained so as to project or extend more than twelve inches over any part of any sidewalk.

.     .     .     .     .

"Sec. 6. Any existing sign which violates the prohibition of this ordinance shall be removed, altered or replaced in conformity with the provisions hereof on or before April 1, 1954.

"Sec. 7. The provisions of this ordinance shall not prohibit the maintenance of any existing sign on the marquee of any theatre, hotel or public building and, subject to the approval of the Common Council, the erection and maintenance of any new sign on any such marquee; nor shall it prevent the Common Council from authorizing the erection and maintenance of any banner across any public street for non-commercial purposes.

.     .     .     .     .

"Sec. 9. Section 481 of the Ordinances of the City of Bridgeport is hereby amended to read as follows: All·wall signs shall be securely fastened to the building and shall not extend more than twelve inches beyond the exterior wall of the building along which the same shall be constructed.

.     .     .     .     .

"Sec. 11. Any person who shall erect or maintain any sign con

assignment of errors cannot be better expressed than in the plaintiff's brief: "1. Was the Court in error in concluding that the City of Bridgeport has the power to prohibit the maintenance and erection of projecting advertising signs? 2. Is the passing of this ordinance by the Common Council an arbitrary, unreasonable and invalid exercise of the police power which deprives plaintiff of [its] property without due process of law? 3. Is the ordinance unconstitutional because of its discriminatory features?"

The plaintiff does not question the right of the common council of Bridgeport to enact an ordinance for the control, regulation and maintenance of highways in the city. The case of *Yale University* v. *New Haven,* 104 Conn. 610, 622, 134 A. 268, is in point. It answers one of the plaintiff's principal arguments, to wit, that its sign was erected by virtue of a permit issued by the city and that the city cannot now revoke that permit. An encroachment once permitted does not give rise to a franchise to continue it. Id., 627. The *Yale University* case pointed out (p. 627) that the board of aldermen in New Haven would have continuing control over any bridge the university might erect across a public highway to join its two art school buildings. The bridge, if built, would be built in the knowledge that the city could at any time order its discontinuance. In *Andrew B. Hendryx Co.* v. *New Haven,* 104 Conn. 632, 134 A. 77, the city's right to order the removal of a conveyer bridge that spanned a street was upheld. It was not even

trary to the provisions of this ordinance, and any person who shall fail to remove, alter or replace any existing non-conforming sign within the time limited herein shall be fined not more than one hundred dollars for each day or part thereof that such sign shall be maintained."

suggested that the city was under an obligation to show that the structure was dangerous or unsafe. This discussion disposes of the claim in the instant case that the plaintiff's expensive sign, once having been permitted, could endure.

As to the claim of discrimination, the ordinance excepts from its operation existing signs on the marquees of theaters, hotels or public buildings. It is our law that where there is some natural and substantial difference germane to the subject and purposes of the legislation, there is no illegal discrimination between those within an established class and others not so included. *Lyman* v. *Adorno,* 133 Conn. 511, 520, 52 A.2d 702; *State* v. *Cullum,* 110 Conn. 291, 295, 147 A. 804; see *Second National Bank of New Haven* v. *Loftus,* 121 Conn. 454, 460, 185 A. 423.

The claim is made that the ordinance is unconstitutional because it compels the removal of overhanging signs without any prior determination that such signs are hazardous. There was, however, a legislative finding by the common council in § 1 of the ordinance to the effect that projecting signs over sidewalks are hazardous and detrimental to the public safety; that they are a source of danger to users of sidewalks; that they have a tendency to interfere with the protection of life and property in the event of fire; and that they are unsightly. The plaintiff offered no evidence contradicting the soundness of this finding, and there is no basis in the record for rejecting it. The plaintiff had the burden of overcoming the presumption of the constitutionality of the ordinance. *Murphy, Inc.* v. *Westport,* 131 Conn. 292, 303, 40 A.2d 177. While recitals of fact in a legislative act may not be conclusive, a decent respect for a co-ordinate depart-

ment of the government requires the courts to treat them as true until the contrary appears. *Thornton* v. *Lane,* 11 Ga. 459, 521; see *Watkins* v. *Holman,* 41 U.S. (16 Pet.) 25, 55, 10 L. Ed. 873; 2 Sutherland, Statutory Construction (3d Ed.) §4807. In the absence of any evidence or any basis in reason for rejecting the finding of the common council, it must be accepted by the court.

The police power is not confined narrowly within the field of public health, safety and morals. It is within the police power to regulate occupations or businesses which, owing to their nature or the manner in which they are conducted, may be detrimental to the general welfare. *Murphy, Inc.* v. *Westport,* supra, 298. The case of *Mallary, Inc.* v. *New Rochelle,* 184 Misc. 66, 53 N.Y.S.2d 643, appears to be identical with the case at bar. An ordinance similar to the one here involved was declared to be constitutional. The reasoning was unanimously approved by the Court of Appeals of New York. *Mallary, Inc.* v. *New Rochelle,* 295 N.Y. 712, 65 N.E.2d 425. A police regulation is valid unless it can be shown that its operation bears no reasonable relation to the public health, safety or welfare.

It is not necessary to discuss the other arguments advanced by the plaintiff. None of them have any bearing on the fundamental question involved.

There is no error.

In this opinion the other judges concurred.