FRANK KAREN ET AL. v. TOWN OF EAST HADDAM ET AL.

BALDWIN, C. J., KING, MURPHY and MELLITZ, Js.*

---

* By agreement of counsel the case was argued before and decided by four judges.

Argued October 14—decided November 17, 1959

*Timothy O. Fanning,* for the appellants (plaintiffs).

*Julian D. Rosenberg,* with whom was *Thomas W. Flood,* for the appellees (defendants).

BALDWIN, C. J.  The plaintiffs in this action own land in East Haddam and seek a declaratory judgment concerning the constitutionality of an ordinance of the town licensing and regulating trailer and mobile home parks.  They also seek a temporary and a permanent injunction restraining the selectmen, the chief of police, the building inspector and the health inspector of the town from enforcing the ordinance.

We shall consider first a matter of procedure.  The prayers for relief in the complaint ask for (1) a declaratory judgment on the constitutional validity of the ordinance and (2) a temporary and permanent injunction against its enforcement.  An order to show cause upon the motion for a temporary injunction was issued, returnable before a judge of

the Superior Court. After a hearing, the judge filed a memorandum of decision in which he passed upon the plaintiffs' claims of unconstitutionality of the ordinance, denying some of their claims but sustaining others, and directed that a temporary injunction issue against the enforcement of the provisions he found invalid. The parties stipulated that the judge's decision should "become the decision and judgment of the . . . Superior Court upon the issues presented and . . . that Judgment after Motion made and duly presented may be entered in said Court in accordance" with the stipulation. In an action for a declaratory judgment, relief consequential to the determination of the legal rights involved may be sought and granted. Practice Book § 278 (c), (d); *Alfred E. Joy Co.* v. *New Amsterdam Casualty Co.,* 98 Conn. 794, 805, 120 A. 684; *New Haven Water Co.* v. *New Haven,* 131 Conn. 456, 464, 40 A.2d 763; *Scully* v. *Westport,* 145 Conn. 648, 653, 145 A.2d 742. In the case at bar, however, the prayer for a declaratory judgment added nothing which the plaintiffs could not have claimed on their prayer for injunctive relief. To successfully challenge the constitutionality of legislation, the challenger must show that his interests are adversely affected. *State* v. *Hurliman,* 143 Conn. 502, 506, 123 A.2d 767; *Cyphers* v. *Allyn,* 142 Conn. 699, 707, 118 A.2d 318. A plaintiff cannot obviate this necessity by asking for a declaratory judgment and thereby require the court to pass upon a series of moot questions. The rule relating to actions for declaratory judgments relieves the court of any such duty. Practice Book § 277; *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158, 112 A.2d 208, and cases cited. Whether or not the plaintiffs' method of procedure is responsible for the stipulation for the entry of a final judgment

on the judge's memorandum of decision on the application for a temporary injunction, the stipulation on its face appears to put the plaintiffs out of court. Since, however, the court treated the stipulation as a method of making the memorandum of decision the basis of a judgment from which an appeal would lie, we shall so treat it.

The case was submitted on an agreed statement of facts and a copy of the ordinance. A statement of Frank J. Sparks, Jr., claimed by the plaintiffs to be an expert witness in the matter of trailer and mobile home parks, was offered by the plaintiffs and marked as an exhibit. The facts found by the court may be stated in summary as follows: On June 27, 1957, the defendant town, in a town meeting, adopted "An Ordinance to License and Regulate Trailer Parks and Mobile Home Parks in the Town of East Haddam." The ordinance was published on July 9, 1957, in "The Middletown Press," a newspaper having a circulation in the town of East Haddam. On March 27, 1957, the plaintiffs purchased twenty-one acres of land in East Haddam with the intention of constructing a mobile home park. Before June 27, 1957, they had contracted for building roads, installing water mains, septic tanks and drainage fields, and setting poles to convey electric power. On June 27, ten spaces for mobile homes had been completed and were ready for use. Eight mobile homes had been placed in the park and connected with water lines and septic tanks in conformance with the state sanitary code, and electric meters had been installed. The 10 completed spaces were fronted by a road 20 feet wide, adjoined one another and were located approximately 400 feet from the public highway. Each mobile home, when placed upon the plaintiffs' land, had sanitary facilities and

appliances ready to function. The cost of the utilities installed by the plaintiffs was approximately $4500. The mobile homes were owned and occupied by persons other than the plaintiffs. Had the plaintiffs not stopped construction pending litigation concerning their rights under the ordinance, they could have completed 100 spaces for mobile homes on their land by July 1, 1958. They have refused to comply with the ordinance or to seek the permit required by it for their mobile home park.

The trial court concluded that the town was empowered to enact the ordinance by virtue of Public Acts 1957, No. 354 (Rev. 1958, § 7-148) which took effect on May 21, 1957, and that the ordinance became effective fifteen days after its publication on July 9, 1957. Cum. Sup. 1955, § 249d (as amended, Rev. 1958, § 7-157).

The plaintiffs assign error in the refusal of the court to incorporate in the finding twenty paragraphs of the draft finding. To support these paragraphs, the plaintiffs offer the statement of Frank A. Sparks, Jr., which was mentioned above. They have printed it in the appendix to their brief. The court, at the conclusion of the finding, stated: "All exhibits are hereby made a part of the record on appeal and may be used in the Supreme Court of Errors without being printed." This does not mean that the facts set forth in the Sparks statement, which was marked as an exhibit, are found by the court. *Goldblatt* v. *Ferrigno*, 138 Conn. 39, 41, 82 A.2d 152. At most, the exhibit is evidence in the case available to correct the finding, although even this is questionable in view of the lack of a certified transcript. See *Goldblatt* v. *Ferrigno*, supra, 42. Even if the exhibit is available to correct the finding, we cannot say that the trial court was com-

pelled to find the facts recited in it. See *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 97 A.2d 562. The other error assigned with regard to the finding has no merit and requires no discussion. No corrections in the finding are warranted.

The plaintiffs claim that the ordinance violates § 1 of the fourteenth amendment to the federal constitution. This section includes substantially the same guarantees as article first, §§ 1 and 12, of our state constitution. *State ex rel. Brush* v. *Sixth Taxing District,* 104 Conn. 192, 195, 132 A. 561. Generally speaking, the authority of the defendant town to license and regulate mobile homes and mobile home parks falls within the domain of the police power. That power can be exercised for the protection of the public health, safety and welfare. Regulatory legislation must serve one or more of those purposes and must do it in a manner which is reasonable. *Pierce* v. *Albanese,* 144 Conn. 241, 249, 129 A.2d 606; *United Interchange, Inc.* v. *Spellacy,* 144 Conn. 647, 654, 136 A.2d 801. What local conditions require and the method of meeting those requirements are primarily matters of legislative concern. Courts can interfere only when the measures taken do not serve the public health, safety or welfare or are arbitrary and unreasonable. *Hartland* v. *Jensen's, Inc.,* 146 Conn. 697, 703, 155 A.2d 754; *Clark* v. *Town Council,* 145 Conn. 476, 482, 144 A.2d 327; *Leach* v. *Florkowsky,* 145 Conn. 490, 494, 144 A.2d 334. "When a question of constitutionality is raised, the court presumes validity and sustains the legislation unless it clearly violates constitutional principles." *State* v. *Gordon,* 143 Conn. 698, 703, 125 A.2d 477; *Edwards* v. *Hartford,* 145 Conn. 141, 145, 139 A.2d 599. The plaintiffs have the burden of overcoming this presumption. *Franklin Fur-*

*niture Co.* v. *Bridgeport,* 142 Conn. 510, 514, 115
A.2d 435; *Murphy, Inc.* v. *Westport,* 131 Conn. 292,
303, 40 A.2d 177. The validity of the legislation must
be tested by its effect upon the plaintiffs under the
facts of this case and not under some other circum-
stances. *Pierce* v. *Albanese,* supra, 251; *Corthouts*
v. *Newington,* 140 Conn. 284, 288, 99 A.2d 112.

The ordinance is lengthy. It is necessary for the
purposes of this opinion to set forth only the sub-
stance of the provisions which the plaintiffs attack
on constitutional grounds. We shall consider these
provisions in the light of the general principles
hereinbefore stated. Before we discuss the provi-
sions, we shall refer to pertinent definitions. The
ordinance (§ 1) defines a "trailer coach" as a
"vehicle used or so constructed as to permit its use
not only as a conveyance upon the public . . . high-
ways, but as a dwelling and sleeping place occupied
by one or more persons." The term "trailer," as
used in the ordinance, embraces both "trailer
coaches and mobile homes." § 1. The plaintiffs
claim that there is a distinction between trailers
used for temporary occupancy and mobile homes
and that they should be treated differently. There
is nothing, however, in the facts found which fur-
nishes a basis for a general distinction between them
such as would forbid their being classified together.
*Hartland* v. *Jensen's, Inc.,* supra, 704. Under
the ordinance (§ 1), a "trailer park" is a "plot of
ground upon which two or more trailers occupied
for dwelling and sleeping purposes are located."
The court concluded that a provision of the ordi-
nance (§ 2 [C] [1]) which allows the selectmen
ninety days to act upon an original application for
a license or an application for renewal was unrea-
sonable and void. Since the ordinance (§ 1) makes a

distinction between "dependent trailers," which have no toilet and bathing facilities, and "independent trailers," which do, the court also concluded that § 7, requiring service buildings with toilet and bathing facilities in all trailer parks, was oppressive and unreasonable unless dependent trailers, which need service buildings, are located in the same park as independent trailers, which do not. These two provisions require no further discussion, because the defendant town has filed no cross appeal.

Section 2 (D) requires a park operator to pay an annual license fee of $100 and a weekly license fee of $1 for each occupied trailer in the park. The plaintiffs claim that this provision imposes an unauthorized tax. The statute under which the town purported to act, Public Acts 1957, No. 354, § 1, was an amendment to the Home Rule Act, so-called, and conferred authority on any municipality, "except as otherwise provided by special act and except where there exists a local zoning commission, which commission is then so empowered, to regulate and provide for the licensing" of trailer and mobile home parks. Municipalities have no powers of taxation other than those specifically given by the statutes. *Chamberlain* v. *Bridgeport,* 88 Conn. 480, 490, 91 A. 380, and cases cited. The statute does not specifically confer the power to levy a tax. Furthermore, the ordinance itself states that the fee charged is "to meet the cost of administering and enforcing this ordinance." § 2 (D). The ordinance is a police and not a tax measure. The test, then, is whether the amount of the fee is reasonably proportionate to the cost of administering and enforcing the ordinance. *New London* v. *Howe,* 94 Conn. 269, 273, 108 A. 529; *State* v. *Tyrrell,* 100 Conn. 101, 102, 122 A. 924; *Cassidy* v. *Waterbury,* 130 Conn. 237, 240,

33 A.2d 142. In the case at bar, the burden was upon the plaintiffs to prove by competent evidence that § 2 (D) did not meet this test. *Chicago* v. *Schall,* 2 Ill. 2d 90, 91, 116 N.E.2d 872; see *Cassidy* v. *Waterbury,* supra, 242. This they failed to do. Under the circumstances of this case, we cannot say as a matter of law that the amount of the fee was so disproportionate to the cost of administering the many health and other regulatory features of the ordinance as to render § 2 (D) invalid.

Section 5 (A) requires that the park be located on a well-drained site and so that its drainage will not endanger the water supply, and requires that the trailer lots and abutting roads be kept free from heavy brush and poisonous weeds. Sections 5 (B) and 5 (D) prescribe that the space allocated to each trailer shall contain at least 10,000 square feet and that the trailers shall be not less than 50 feet apart, not less than 100 feet from the boundary line of adjoining property, and not less than 400 feet from a public highway or any church, home, library or school. The plaintiffs argue that these requirements are unreasonable and invalid because they constitute an obvious attempt to protect the property values of other homeowners in the town. They assert that space and layout provisions can be lawfully adopted only through zoning and that the defendant town has no zoning authority. The statute, Public Acts 1957, No. 354, clearly contemplated that the powers conferred be exercised in lieu of similar powers exercised by zoning authorities in towns where there are such authorities. One of the main purposes of zoning is the maintenance of property values. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 53, 118 A.2d 894; *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 34, 54 A.2d 675. We cannot say that

the so-called space requirements are, under the circumstances of this case, arbitrary and unreasonable. Hodes & Roberson, Law of Mobile Homes, p. 62.

Section 8 of the ordinance provides that every trailer park shall have a private sewage system and treatment plant. No provision is made for separate sewage disposal for an individual unit. Trailer parks, by their very nature, present more acute problems of public health than conventional housing developments. *Zullo* v. *Board of Health,* 9 N.J. 431, 436, 88 A.2d 625; see *Palumbo Appeal,* 166 Pa. Super. 557, 565, 72 A.2d 789; Hodes & Roberson, op. cit., p. 66. Where a park, like the one here, is to contain as many as 100 units on 21 acres of land, the requirements of § 8 have a very real relation to public health and are reasonable provisions under the statute. The requirements of § 14, that the park operator keep an accurate register of the names of those living in the park and the dates of their arrival and departure, the register to be open at all times to police and health officers, and that the operator report to the health officer any suspected communicable disease among persons living in the park, are well within the legitimate exercise of the police power. *Allinder* v. *Homewood,* 254 Ala. 525, 531, 49 So. 2d 108.

The plaintiffs contend that the provision (§ 16) limiting to seventy days the time that a mobile home may remain in a park is prohibitory and unreasonable. In *Hartland* v. *Jensen's, Inc.,* 146 Conn. 697, 702, 703, 155 A.2d 754, we held that, under the circumstances disclosed there, a limitation of sixty days was valid. In the case at bar, there are no facts found which demonstrate that a seventy-day limitation is arbitrary and unreasonable. The burden rested upon the plaintiff to prove such facts.

We have recognized that year-round occupancy of a trailer park by trailers as a nonconforming use under zoning regulations could have a serious detrimental effect upon surrounding property. *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 735, 137 A.2d 756. The legislature, in enacting Public Acts 1957, No. 354, expressed an intent that towns without zoning authorities should have the power to deal with trailers and mobile homes, not only in matters narrowly concerned with public health and safety, but in matters concerned with economic and esthetic considerations which can affect the public welfare. *Hartland* v. *Jensen's, Inc.,* supra, 702; *Murphy, Inc.* v. *Westport,* 131 Conn. 292, 298, 40 A.2d 177; *Franklin Furniture Co.* v. *Bridgeport,* 142 Conn. 510, 515, 115 A.2d 435. It cannot be said upon the state of this record that § 16 of the ordinance is unconstitutional and void.

We conclude that the sections of the ordinance challenged by the plaintiffs, with the exception of §§ 2 (C) (1) and 7, found invalid by the trial court, are valid exercises of the police power conferred under the statute. The ordinance (§ 18) specifically provides for the separability of any sections which may be declared invalid by the courts. The sections declared invalid by the trial court are not so mutually connected with, and dependent upon, the remaining provisions of the ordinance as to defeat the operation of this separability provision. *Amsel* v. *Brooks,* 141 Conn. 288, 300, 106 A.2d 152.

The plaintiffs claim that the ordinance cannot apply to the eight mobile homes which occupied spaces in the park before the effective date of the ordinance and to ten spaces completed before that date. This claim does not appear in the finding among the plaintiffs' claims of law, although it does

appear in the questions of law stated in the plaintiffs' request for a finding and in their assignments of error. There is nothing in the memorandum of decision to show that the trial court passed upon the claim. On an appeal to this court, counsel must assume some responsibility for the accuracy and completeness of the record and suggest corrections when they are necessary. Practice Book § 423; *West Hartford* v. *Talcott,* 138 Conn. 82, 92, 82 A.2d 351; *Petrillo* v. *Maiuri,* 138 Conn. 557, 562, 86 A.2d 869. It could be that the trial court refused to include this claim in the finding because it was not, in fact, made or ruled upon at the trial. *Petrillo* v. *Maiuri,* supra. The trial court found, however, that prior to the adoption of the ordinance ten spaces for trailers had been completed, eight of them being occupied and the utilities for them installed. The ordinance allows no exemptions from its provisions but specifically requires (§ 2 [C] [9]) that an application for a license to operate a trailer park already in operation shall be made within five days from the effective date of the ordinance. The plaintiffs did not apply. It does not appear from the finding that they cannot now comply without a substantial loss which would entitle them to equitable consideration. The fact that they had purchased the land, made contracts for its development as a trailer park, and commenced to use a portion for that purpose gives them, under the circumstances of this case, no vested rights the deprivation of which renders this ordinance, which is of general application, invalid on constitutional grounds. *Graham Corporation* v. *Board of Zoning Appeals,* 140 Conn. 1, 6, 97 A.2d 564; *Wallingford* v. *Roberts,* 145 Conn. 682, 684, 146 A.2d 588; *Osborn* v. *Darien,* 119 Conn. 182, 185, 175 A. 578; *Fitzgerald* v. *Merard Holding Co.,* 110 Conn.

130, 141, 147 A. 513, cert. denied, 281 U.S. 732, 50 S. Ct. 247, 74 L. Ed. 1148. We conclude that the ten spaces and the eight mobile homes in question are subject to the provisions of the ordinance.

There is no error.

In this opinion the other judges concurred.