[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Connecticut Education Association, Inc. ("CEA") and Connecticut State Federation of Teachers ("CSFT") are teacher labor unions who have brought this action against the State Commissioner of Education. They seek a declaratory judgment that the waiver provisions of General Statutes §§ 10-264a(3) and 10-264f(3) violate Articles Second and Third of the Connecticut Constitution. They further seek a permanent injunction which would enjoin defendant Commissioner of Education from granting waivers of statutory or regulatory mandates to local or regional boards of education pursuant to said statutes.
Section 10-264a(3) provides in pertinent part:
 ". . . Notwithstanding any provision of the general statutes to the contrary, the commissioner of education may grant waivers of specific state statutory or regulatory mandates upon application of one or more local or regional boards of education, provided (i) requests for such waivers are included CT Page 537-J in a plan and (ii) such waivers are consistent with the educational interests of the state"
Section 10-264f(a) provides in pertinent part:
 ". . . Applicants for such grants may also request technical assistance and waivers of specific state statutory and regulatory mandates which may be granted by the commissioner for good cause."
The parties have filed the following stipulation of facts:
"1. Plaintiff Connecticut Education Association, Inc. (CEA), Suite 500, 21 Oak Street, Hartford, CT 06106 is a non-profit corporation and statewide labor organization representing public school teachers and local teacher exclusive bargaining representatives, pursuant to Conn. Gen. Stat. § 10-153b.
"2. Plaintiff Connecticut State Federation of Teachers (CSFT), 35 Marshall Road, Rocky Hill, CT 06067 is a voluntary association and statewide labor organization representing public school teachers and local exclusive teacher bargaining representatives pursuant to Conn. Gen. Stat. § 10-153b. CT Page 537-K
"3. Defendant Vincent Ferrandino, State Department of Education, 165 Capitol Avenue, Hartford, CT 06106 was at the inception of this action the Commissioner of Education of the State of Connecticut.
"4. Section 1(3)(D) of Public Act No. 93-263 as amended, now codified as Conn. Gen. Stat. § 10-264a(3), states in part as follows:
 Notwithstanding any provision of the general statutes to the contrary, the commissioner of education may grant waivers of specific state statutory or regulatory mandates upon application of one or more local or regional boards of education, provided (i) requests for such waivers are included in a plan and (ii) such waivers are consistent with the educational interest of the state.
"5. Section 7(a) of Public Act No. 92-263, now codified as Conn. Gen. Stat. § 10-264f(a), states in part as follows:
 Applicants for such grants may also request technical assistance and waivers of specific CT Page 537-L state statutory or regulatory mandates which may be granted by the commissioner for good cause.
"6. Individual teacher-members of plaintiffs CEA and CSFT enjoy rights under various statutes including, interalia, Conn. Gen. Stat. §§ 10-151, 10-151a, 10-153, 10-155f,10-156, 10-156a, 10-156b, 10-156c, 10-156d, 10-233g, 10-235 and10-236a.
"7. Local teacher exclusive bargaining representatives affiliated with plaintiffs CEA and CSFT enjoy rights under the Teacher Negotiations Act, Conn. Gen. Stat. § 10-153a, et seq.
"8. No waivers of any provision of Conn. Gen. Stat. §§ 10-151, 10-151a, 10-153, 10-155f, 10-156a, 10-156b, 10-156c,10-156d, 10-233g, 10-235, 10-236a or the Teacher Negotiations Act, Conn. Gen. Stat. § 10-153a et seq. have been requested pursuant to Conn. Gen. Stat. § 10-264a(3).
"9. The Commissioner of Education has granted no waivers of any provision of Conn. Gen. Stat. §§ 10-151, 10-151a,10-153, 10-155f, 10-156a, 10-156b, 10-156d, 10-233g, 10-235,10-236a or the Teacher Negotiations Act, Conn. Gen. Stat. § 10-153a et seq. pursuant to Conn. Gen. Stat. § 10-264a(3). CT Page 537-M
"10. No waivers of any provision of Conn. Gen. Stat. §§ 10-151, 10-151a, 10-153, 10-155f, 10-156a, 10-156b, 10-156c,10-156d, 10-233g, 10-235, 10-236a or the Teacher Negotiations Act, Conn. Gen. Stat. § 10-153a et seq. have been requested pursuant to Conn. Gen. Stat. § 10-264f(a)."
"11. The Commissioner of Education has granted no waivers of any provision of Conn. Gen. Stat. §§ 10-151,10-151a, 10-153, 10-155f, 10-156a, 10-156b, 10-156c, 10-156d,10-233g, 10-235, 10-236a or the Teacher Negotiations Act, Conn. Gen. Stat. § 10-153a et seq. pursuant to Conn. Gen. Stat. § 10-264f(a)."
Defendant Commissioner seeks to dismiss the complaint because the plaintiffs lack standing to bring this action. The controlling standard for determining whether the plaintiffs have standing is found in Connecticut Assn. ofHealth Care Facilities, Inc. v. Worrell, 199 Conn. 609 at page 616.
"`(A)n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) CT Page 537-N neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit'" (citations omitted) . . . "Representational standing `depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured.'"
The court finds that the plaintiffs have no standing to bring this action. There is no allegation that the individual members have standing nor does the claim for relief involve individual members. No individual member has been harmed inasmuch as no waivers have been sought or granted in accordance with these statutes.
The plaintiffs have not alleged any injury to themselves nor have they alleged that its members have any legally protected interest that the defendant's action has invaded. Inasmuch as plaintiffs' members have no standing to sue under the existing circumstances, the plaintiffs have no greater standing than the individuals they represent. ConnecticutAssn. of Board of Education, Inc. v. Shedd, 197 Conn. 554 at page 565, Connecticut Business Industry Assn., Inc. v. CHHC,
CT Page 537-O218 Conn. 335 (1991).
A very recent case held as follows:
"`One who has not been harmed by a statute cannot challenge its constitutionality citing Salgreen Realty v.Ives, 149 Conn. 208, 215, 177 A.2d 673 (1962). The question of the validity of the statute must be tested by its effect on its attacker under the particular facts of his case. Karen v.East Haddam, 146 Conn. 720, 727, 155 A.2d 921 (1959).'" Slimpv. Dept. of Liquor Control, 239 Conn. 599, 609-610.
In the present case the plaintiffs have failed to show how these waiver provisions have had any impact on themselves or any individuals whom they represent. They have failed to point to any actual or even threatened harm to themselves or to the teachers. No waivers have been asked for and no waivers have been granted. Thus, it is impossible at this point to determine whether any waivers, if granted in the future, could have any impact whatsoever on the plaintiffs or their individual members. Their fears for the future are merely speculative. In summary, the plaintiffs have failed to show any harm whatsoever and therefore have no standing.
Even if the plaintiffs were found to have standing, the CT Page 537-P court finds that they have failed to demonstrate that the waiver provisions are unconstitutional on their face. The burden of proving unconstitutionality of a statute is especially heavy when the statute is challenged as being unconstitutional on its face. State v. Webb, 238 Conn. 389,407.
Plaintiffs claim that the waiver provisions are unconstitutional because they illegally delegate to the Commissioner the ability to suspend or repeal educational laws. They claim that this illegal delegation violates the separation of powers doctrine, and they cite New Milford v.SCA Services of Conn., Inc., 174 Conn. 146 (1977). That case holds at page 149 that "(i)n order to render admissible such delegation of legislative power, . . . it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform.'" In the New Milford case the court held the delegation of power unconstitutional because the legislature failed to provide reasonable, adequate and definite guidance for the Commission to act. The court held that the statute revealed the total absence of any standards which the local commission was to apply.
Plaintiffs claim that the legislature in enacting CT Page 537-Q §§ 10-264a(3) and 10-264f(a) has failed to declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the commissioner must conform. They further claim that the delegation of the power to grant waivers of statutory or regulatory mandates is so broad as to be a nullity. State v.Stoddard, 126 Conn. 623. The court disagrees.
The court has studied the entire Public Act 93-263 as codified at General Statutes § 10-264a through 10-264k to ascertain the public purpose sought to be achieved by the legislature. Carafano v. Bridgeport, 196 Conn. 623. The public purpose is stated as follows: "promotion of educational quality or diversity." Among its goals are to "improve the quality of school performance and student outcomes," § 10-264a(3)(i), "reduce barriers to opportunity," § 10-264a(3)(ii), "enhance student diversity and awareness of diversity," § 10-264a(3)(iii), and "address the programmatic needs of limited english proficient students and bilingual programs." § 10-264a(3)(iv). Clearly the Act seeks to further a legitimate public educational purpose.
The court also finds that there are sufficient standards with which the Commissioner may exercise waiver authority. He may grant a waiver only when the waiver has been requested in CT Page 537-R a plan as provided under the act, and only if such waiver is consistent with the educational interest of the state. § 10-4a
and "for good cause." The standard "for good cause" was upheld in Schwartz v. Kelly, 140 Conn. 176 (1953).
It has been held that there is "no inherent vice that should preclude enlistment by the legislature of private individuals or agencies to achieve a public purpose by the exercise of a governmental power so long as adequate safeguards are provided." Carafone v. Bridgeport, supra at page 633. The court finds that there are in fact adequate safeguards set forth in the act. § 10-264c(f) provides that the Commissioner in consultation with other state agencies shall report to the general assembly concerning the educational plans as set forth in the Act. Clearly, the general assembly intends to oversee the doings of the Commissioner in regard to the educational plans. Thus adequate safeguards are provided. Furthermore, our Supreme Court has stated that "(t)here is a distinction, well recognized in the law, between statutes which delegate to an administrative board the power to put the statutory requirements into effect and statutes which merely give to such board the power to waive the requirements." Schwartz v.Kelly, supra at page 183.
In conclusion, the court finds that the plaintiffs have CT Page 537-S no standing to bring this action and even if they did have standing, they have failed to show that the waiver provisions of these two statutes are unconstitutional.
The case is dismissed.
Allen, Judge Trial Referee