THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RUTH OLCOTT and STARK OLCOTT, Defendants.

City Court of Rochester, Criminal Branch, December 22, 1939.

*Daniel J. O'Mara, District Attorney* [*Thomas P. Culhane* of counsel], for the plaintiff. ·

*Luther I. Webster*, for the defendants.

TOMPKINS, J. The defendants are husband and wife. They are charged with unlawfully using a trailer as a residence for longer than forty-eight hours, to wit, for more than one year, without having a permit therefor issued by the commissioner of public safety, in violation of the Penal Ordinance of the city of Rochester, relating to trailers, adopted April 26, 1938. Violation of this ordinance is punishable by imprisonment for not more than 150 days or by a fine not over $150, or by both.

The defendants challenge the constitutionality of this ordinance. The ordinance provides: (1) That no trailer shall be used for a residence for more than forty-eight hours without a permit by the

commissioner of public safety; (2) that no permit shall be issued unless the trailer shall be provided with certain specified sanitary equipment connected with the city sanitary sewer; and (3) that such permit may be revoked at any time by the commissioner of public safety or the council of the city of Rochester. In other words, the ordinance provides that a trailer may be lived in as a residence if it have those sanitary arrangements that make for cleanliness and health — provided a permit be issued.

It is urged that the ordinance is a proper exercise of the police powers inherent in a municipality. Both the purpose and the scope of police power are clearly defined and well established. The test is explicit. The power is " Exercised to promote the health, comfort, safety and welfare of society." (*Matter of Jacobs*, 98 N. Y. 98, 109; *Village of Carthage* v. *Frederick*, 122 id. 268, 276; *City of Rochester* v. *Macauley-Fien Milling Co.*, 199 id. 207, 211.)

While the test is definite and clear, its application is not always simple or easy. Its justification is said to be found in that ancient maxim " *salus populi suprema lex est*," the welfare of the people is the supreme law. (*Matter of Jacobs*, 98 N. Y. 98, 108.) But even though the goal be general welfare, yet private property may not be taken for a public purpose without just compensation. (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, 231.)

That part of the ordinance requiring specified sanitary equipment pertains to and is intended to promote the health of those occupying the trailer and the comfort and welfare of those in the neighborhood. Unquestionably the sanitary requirements are within the scope of the police power of the community. They invade no property right bulwarked by either the State or the Federal Constitution.

The council of the city of Rochester, by enacting that the commissioner of public safety may issue a permit that a trailer equipped with the designated sanitary appliances may be used as a residence, thereby recognizes that such trailer so equipped is a structure which is not a menace to the health or welfare of the community. If a structure does not menace the health or welfare of the person or family living in it, nor of the neighborhood around it, then may a permit be required of its owner before he may legally occupy his property for the very purpose for which it is lawfully equipped?

Today, in our northern climate, the first inescapable requirement of life, well being and comfort, is shelter. Without a permanent shelter or the means of acquiring it, the shelterless becomes a public charge. If a citizen possesses that shelter, a trailer sanitarily equipped so as not to menace the community's health or welfare, on what ground may the municipality command that he obtain a

permit — or be shelterless? It may be urged that to require a permit imposes no additional burden. If issuing a permit were mandatory upon sanitary compliance, and were it irrevocable during such compliance, then such conclusion would be sound, but the ordinance contains no mandate to issue; but, on the other hand, it expressly provides that the commissioner of public safety or the council of the city of Rochester may revoke the permit " at any time." In other words, a shelter lawful today, tomorrow without change, at the whim of the revoking officer or body, becomes unlawful, and its innocent owner, if he continue to occupy, is subject to imprisonment for 150 days.

Authority to permit implies power to refuse. A permit is not a contract. It is not property. It may be revoked. (*People ex rel. Lodes* v. *Department of Health*, 189 N. Y. 187, 192; *Matter of Fuller* v. *Schwab*, 124 Misc. 659.) If a permit may be required of the owner to occupy a fit structure he then holds his shelter at the whim of a dictator.

The use of structures for dwellings may lawfully be interfered with by the State or an authorized subdivision thereof through three recognized methods: (1) Through sanitary requirements, (2) by building codes, and (3) by zoning restrictions. The test of legality of the requirement, the regulation or the restriction is: is it related to and aimed at promoting the health, the comfort, the safety or the welfare of the community?

Permits are ordinarily required by a municipality to construct or alter a building or structure. Why? Manifestly to insure compliance with the provisions of a building code. These provisions, if their object is the health, welfare or safety of the community, and if they are reasonably adapted to that end, are within the scope of the police powers. However, when the building or the structure is completed in accordance with the building provisions, then, if a dwelling, no permit is necessary or may be required before the owner may occupy it as a residence. This is elementary. When a municipal authority has once authorized the use of a specified building material, and it is being installed, the municipality may not then change its mind and demand other material. (*City of Buffalo* v. *Chadeayne*, 134 N. Y. 163.) Nor may a permit to construct be revoked after construction has begun. (*People ex rel. Ortenberg* v. *Bales*, 224 App. Div. 87.) The owner of a trailer, having complied with all sanitary requirements applicable to dwellings for single families, may no more be subjected to the requirement of procuring a permit to occupy it as a residence than may the owner of a newly-constructed or altered single dwelling be required to obtain a permit to occupy it. He, like the owner of a dwelling,

may be required to conform to sanitary provisions. But, having complied, he may then occupy.

. Zoning restrictions are commonplace today in growing municipalities. They are " the product of far-sighted planning calculated to promote the general welfare of the city at some future time." (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, 230.) The test to be applied is that of public health, safety and general welfare. (*Matter of Stillman* v. *Board of Standards & Appeals*, 222 App. Div. 19.) But even though the goal of the restriction be the general welfare, yet private property may not be destroyed without due compensation. (*Arverne Bay Constr. Co.* v. *Thatcher*, *supra*, p. 231.)

It is well settled that a municipality may grant or refuse permits to conduct any business affecting the health, comfort or safety of its inhabitants. (*Fuller* v. *Schwab*, 124 Misc. 659.) To accomplish these objectives the State or municipality may regulate such businesses provided the regulation is not unreasonable. (*City of Rochester* v. *Macauley-Fien Milling Co.*, 199 N. Y. 207; *Mayor* v. *Williams & Price*, 15 id. 502.) But using a trailer as a residence is not conducting a business. Shelter is a condition precedent to life itself.

In troubled times like these, when, owing to the economic maladjustment, when the amount of unemployment is almost unparalleled, when the demands of social and economic welfare of our citizens challenge to the utmost the capacity of the State to meet and satisfy them, it would seem that a married couple who are willing to accept the modest accommodations of a trailer for more than a year should be commended rather than they should be driven from its sheltering walls out into the street. This ordinance, which demands a permit before a trailer, which offends no zoning restriction, no building requirement, may lawfully be used as a residence, however complete its sanitary equipment, a permit that is summarily revocable without just cause, fails to meet the test by which the exercise of police power must stand or fall. It is not related to the health, comfort, safety or welfare of the community. It deprives the owner of a property right guaranteed by the Constitution, the right to occupy his trailer, lawfully equipped, as a residence. It is invalid. The information is dismissed.