MURRAY BOXER, Plaintiff, *v.* TOWN OF HARRISON, NEW YORK, and Others, Defendants.

Supreme Court, Westchester County, August 6, 1940.

*Milton D. Jacobs,* for the plaintiff.

*John J. DiSesa,* for the Town of Harrison.

PATTERSON, J: The plaintiff brings this motion for an order restraining the defendants and each of them, *pendente lite,* from prosecuting him and from interfering with him and his property rights under the assumed authority of chapter 36 of the General Ordinances of the town of Harrison.

The town has adopted a general ordinance, being chapter 36 thereof, having for its recited purpose " the more efficient regulation of House Trailers, Trailer Camps and Tourist Camps, providing for the proper licensing of the same and regulations for trailer camps in such manner as to protect the health, safety, morals and general welfare of the community."

The ordinance is a rather elaborate one, consisting of fourteen sections with numerous subdivisions thereof. The only part of the

ordinance with which we are here concerned is subdivision (a) of section 4, which reads as follows:

" Section 4. Licenses required: Tourist Camps Prohibited.

" (a) House Trailer.

" No person or persons being the owner or occupant of any premises within the Town of Harrison, shall use or permit the use of such premises for the parking, storage use or other location of a house trailer without a license obtained as hereinafter provided; nor shall any person, being the owner or operator of a house trailer, park, store or otherwise locate said house trailer upon any premises within the Town of Harrison without obtaining a license therefor as hereinafter provided."

The license, as provided for in said section, is defined in subdivision (a) of section 6 and the fee in subdivision (c) thereof, which provides that each such applicant shall pay, at the time of the issuance of such license, a fee of fifty cents for each such house trailer, and subdivision (d) provides that such license shall be issued for a period not exceeding two weeks from and after the date of issuance. The penalties are provided for in section 11; a violation of the ordinance subjects the misdemeanant to a fine of not less than ten dollars nor more than one hundred dollars, or to imprisonment for a period of not less than one day nor more than six months, or both such fine and imprisonment. In addition, any person who violates any provision of the ordinance shall forfeit and pay a penalty of fifty dollars therefor.

It appears from the moving papers that in February last plaintiff purchased a house trailer and placed it on the back part of the lot owned by him on Webster avenue in the town of Harrison, N. Y. There is no claim that he ever removed the wheels from the trailer and affixed it to the land and there is no averment that he ever occupied the trailer, but simply parked it on his own property in the rear thereof.

On the seventeenth day of June last the plaintiff was served with a criminal summons returnable in the Justice Court of the town of Harrison charging him with a violation of section 4 (a) of chapter 36 of the General Ordinances of the town of Harrison, in that he failed to procure a license for the trailer. The trial of the charge in the Justice Court is now pending, having been stayed by the order to show cause herein. Plaintiff is not only faced with the prosecution of the instant charge, but it is alleged that the officials advise him that they will continue to bring proceedings against him and to arrest and prosecute him for all subsequent infractions of the ordinance.

The only thing offered in opposition is the affidavit of the chief of police of the town alleging the conceded facts of the issuance of the summons and other matter irrelevant to the issue here.

The ordinance can be sustained only if it has for its purpose the promotion of the health, comfort, safety and welfare of the community. Many sections of the ordinance, undoubtedly, are valid as having for their purpose the promotion of the health and safety of the community, such as the regulation or prohibition of tourist camps or trailer camps, sanitary regulations and requirements in connection with trailer use for living purposes, sewer, water and toilet connections, etc., and the location of a house trailer on a lot or plot, but how can the mere storage of a house trailer upon one's premises, unoccupied and unconnected with the land, be a menace to the health, safety or welfare of the community?

The recent case of *People* v. *Olcott* (173 Misc. 87) seems to be fairly in point. There the ordinance of the city of Rochester which provided that no trailer shall be used for a residence for longer than forty-eight hours without a permit was held invalid where the trailer offends no zoning restriction or building requirement.

The ordinance in question goes much further than the ordinance in the Rochester case. The additional vice is quite apparent when one reads subdivision (a) of section 4 thereof. That section makes it necessary for the owner of a trailer to procure a license or permit for a trailer even if he parks the same upon his own property. If the town can require a permit to park a trailer upon one's property while unused and unoccupied, by the same token a municipality may license the parking of an automobile or, if there be any such, the storage of a one horse shay on one's premises. There would then be absolutely no limit to the rights which could be subject to the licensing power of the community.

By subdivision a of section 6 of the ordinances, the town clerk can refuse to issue a permit or license if applied for, as the section makes it discretionary with him rather than mandatory. Authority to permit implies power to refuse. That would put the applicant in the perilous position of applying for a permit and being refused for no reason other than the whim of the licensing authority, but further than that, should a license be applied for and issued, the applicant could only procure a permit for a period of two weeks and after such time he could not renew his application as the ordinance provides that a house trailer can remain on premises, other than a trailer camp, for not longer than two weeks in any twelve months. By reason of this provision, the owner of a house trailer, despite the fact that he owns the property on which it is situated, would be compelled, by the arbitrary terms of the ordinance, to either dispose

of the trailer by sale, maintain it in a trailer camp, or remove it from the jurisdiction of the town. As the ordinance reads, the plaintiff could have neither the use of his real property for the storage of his trailer, nor the right to full enjoyment of his personal property.

The individual has surrendered much of his liberties in these modern times as a result of the problems presented by modern inventions, congested communities and a broader vision of social welfare, but even so, there is a limit beyond which he should not be asked to go.

There must be some intimate and direct connection between restrictions placed upon the use of his property and the health, comfort, safety and welfare of society. The ordinance in question, when it prohibits a person from storing an unused trailer, neither a menace to health, comfort, safety or even the æsthetic sense of the community, does not meet that test.

I think the defendants may properly been joined in equity. It is a well-settled principle of law that equity will restrain the prosecution of an unconstitutional ordinance where its enforcement will affect property rights and work irreparable injury. (*Biddles, Inc.*, v. *Enright*, 239 N. Y. 354; *Cowan* v. *City of Buffalo*, 247 App. Div. 591; *Lang's Creamery, Inc.*, v. *City of Niagara Falls*, 224 id. 483.)

It may be argued that the plaintiff has an adequate remedy at law, to wit, the trial of the criminal case and its appeal if he is unsuccessful there. That may be an unattractive prospect. Why should one be subjected to the embarrassment of a criminal trial and appeals when the only issue can be resolved here? As the court said in *Lang's Creamery* v. *Niagara Falls* (*supra*, p. 485): "The theory that the rule that adequacy of remedy at law is a constant limit upon the exercise of equity jurisdiction has been less generally adopted than the theory that the rule is to be taken in a generic sense as indicating the origin of the jurisdiction and defining generally its grounds and subjects."

The courts should be very slow in declaring legislation unconstitutional. To hold a statute unconstitutional is a grave thing to do, but as the court said in *Biddles, Inc.*, v. *Enright* (*supra*, p. 361): "To refuse, by so doing, to recognize a demonstrated evil and to characterize the unusual in legislation as impossible, is unwise."

While the presumption exists that the town board, in passing the legislation, acted in good faith and in an honest belief that its adoption would be beneficial to the public at large, and while the burden is on him who asserts otherwise, nevertheless, if the facts and circumstances show that the regulation is not fairly adapted to cure a real or substantial evil, but is an arbitrary interference

with the plaintiff's right to conduct his own private business as he sees fit, it is the duty of the court to declare the ordinance invalid. Reasonableness of a regulation is one of the inherent limitations of the police power. (*Cowan v. City of Buffalo, supra.*)

In the ordinance here discussed there does not appear to be the semblance of necessity, and hence a lack of reasonableness. Where is the menace which the ordinance proposes to remedy?

The granting of an injunction *pendente lite* rests largely within the discretion of the court. In view of the claim of the plaintiff that the ordinance is unconstitutional and an unwarranted interference with his constitutional rights, can it be that such discretion would be abused by the granting of the injunction pending the trial of the action?

I think the plaintiff is entitled to the injunctive relief prayed for and it is granted.