TOWN OF SOUTHPORT, Appellant, v. CHARLES E. ROSS, Respondent.

Third Department, July 8, 1954.

*Personius & Marinan* for appellant.

*Bertram A. Ziff* for respondent.

*Per Curiam.* The issue in this case is the validity of section 15 of the " House Trailer and Tourist Camp Ordinance of the Town of Southport ", Chemung County, New York, which reads, " (Duration of Stay) No such house trailer shall be permitted to remain upon any premises other than in a camp for a longer period than four (4) weeks in every twelve (12) months except the time may be extended by action of the Town Board ". The material facts are not in dispute.

Before the enactment of the ordinance, defendant permitted one Martha Smith to place her house trailer on land owned by him and his wife and to occupy the trailer as a residence. After the lapse of four weeks after the adoption of the ordinance, application was made to the town board for an extension of the time of occupancy, but no action was taken thereon either to grant or refuse the extension. Instead, this action was brought to recover a civil penalty for the violation of the ordinance. No violation of the ordinance was alleged or claimed other than defendant's failure to limit the stay of the trailer to four weeks. Trial was had before the court without a jury and judgment rendered dismissing the complaint on the merits, from which judgment this appeal has been taken.

The ordinance also contains detailed provisions for the licensing, planning, inspecting and regulating of trailer camps, including provision for sanitary safeguards and proper water supply. Subdivision 21 of section 130 of the Town Law is specific in authorizing these provisions as well as in authorizing a time limit on the duration of stay of house trailers in portions of the town outside established trailer camps.

The statute and resulting ordinance constitute an exercise of the police power of the State, designed " to promote the health, safety, morals and general welfare " of the town.

The case of *Boxer* v. *Town of Harrison* (175 Misc. 249), cited by the respondent, had application to the mere storage upon the owner's premises of his house trailer, unoccupied and unconnected with the land. In *People* v. *Peck* (112 N. Y. S. 2d. 379) Judge O'MARA of the Monroe County Court wrote for the validity

of an ordinance of the Town of Henrietta, similar to that before us, limiting the stay of an occupied house trailer to seventy-two hours. The Michigan case of *Township of Wyoming* v. *Herweyer* (321 Mich. 611, 616) involved the validity of an ordinance requiring an occupied trailer to be located on a site " licensed for that purpose " with provision for obtaining a permit to park a trailer outside of a licensed parking site not to exceed three weeks. That ordinance was held to be valid.

It is not questioned that the trailer here under consideration was equipped with sanitary facilities and had an accessible and adequate water supply. But " the fact that no injury has occurred " in the particular case is not determinative as to the validity of the regulation (*City of Rochester* v. *West,* 164 N. Y. 510, 514).

In our opinion the ordinance is valid. The judgment should be reversed, on the law and the facts, and judgment granted for plaintiff, with costs in both courts. Settle order on notice.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur; COON, J., not voting.

Judgment reversed, on the law and facts, and judgment granted for plaintiff, with costs in both courts. Settle order on notice.