The County of Cook, a Body Politic and Corporate, Plaintiff-Appellant, v. Mac Hoytt, Defendant-Appellee.

**Gen. No. 49,715.**

First District, Third Division.

May 13, 1965.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellant.

Reynolds and Helm, of Chicago (Earl R. Reynolds, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the circuit court of Cook County granting the motion of the defendant for a summary judgment and dismissing the complaint.

The plaintiff filed a two count complaint for injunction on October 3, 1961 seeking the removal of a

house trailer used by defendant as his dwelling, which is located on defendant's property in Palos Township, Cook County. The first count alleged that the use of the property was in violation of the provisions of the 1960 Comprehensive Amendment to the Cook County Zoning Ordinance. The second count alleged that the use of the property amounted to a public nuisance. The second count was dismissed by stipulation.

The complaint alleged that the house trailer was an illegal and nonconforming use of defendant's property, which under the 1960 amended ordinance is in an R3, single family residential district. The property of the defendant consists of nine acres and has been used as a dog kennel since prior to the 1960 amendment to the Cook County Zoning Ordinance. The plaintiff contends that while the use of the premises for a dog kennel was permitted under the 1940 ordinance, it was unlawful under said ordinance to move a house trailer onto the premises to be used as defendant's dwelling, because the 1940 ordinance required a permit for any use of property and no permit was obtained for the trailer. The plaintiff's argument is that because of defendant's failure to procure a permit, the use of the house trailer was rendered illegal under the 1940 ordinance, and that it therefore was an illegal, nonconforming use under the 1960 Comprehensive Amendment of the Cook County Zoning Ordinance. The plaintiff further contends that a house trailer, or mobile home, does not and did not fall within the permitted uses allowed in the F (Farming) classification of the 1940 Cook County Zoning Ordinance.

In November, 1959, while the 1940 ordinance was in effect, the defendant placed upon his property a house trailer, or mobile home, and has used it continuously since that time as his dwelling place. The plaintiff filed a motion for summary judgment on the pleadings

supported by affidavit, and the defendant filed a counteraffidavit in opposition to the motion of the plaintiff and in support of defendant's motion for summary judgment.

It is admitted that the defendant at no time procured a permit to use the premises as a residence, or for the use of a house trailer on the property. The F (Farming) district, in which defendant's property was located, under the 1940 Cook County Zoning Ordinance allowed the maintenance of a single family residence located on a lot of 20,000 square feet minimum area. Since defendant's property comprises nine acres its area exceeds that which was required to maintain a single family residence in such F (Farming) district.

The questions presented by this appeal are whether a house trailer is a residence or otherwise permitted use within the provisions of the 1940 ordinance, and if so whether the failure to procure a use permit as required by section 1B of the 1940 Cook County Zoning Ordinance renders the use of the property unlawful under the 1940 ordinance.

Sections 6 and 8 of the 1940 Cook County Zoning Ordinance read as follows:

Section 6.

R–3 Districts (Residence—20,000 sq. ft.)

In the R–3 Districts the only uses which may hereafter be established are those permitted in the R–2 Districts and, in addition, the following: (1) single family residences, each one on a building plot or lot not less than 100 feet average width and 20,000 square feet in area, excepting any smaller lot or parcel of land of public record on the adoption date of this ordinance.

. . . . . .

371

## Section 8. F–Districts (Farming).

In the F–Districts the only uses which may hereafter be established are those permitted in the R–3 Districts and, in addition, the following: (1) specialized poultry, pigeon, rabbit and other animal farms, but not including the feeding or disposal of community or collected garbage, (2) apiaries, (3) mushroom barns, (4) greenhouses, (5) nurseries, (6) dog kennels, (7) sale of products from any of the above uses, (8) storage of farm products, (9) recreational camps, (10) riding stables, (11) veterinary establishments, (12) filling of holes, pits, quarries, or lowland with non-odorous and non-combustible material free from garbage and food wastes, (13) picnic grounds or groves but not including taverns and commercial eating places, (14) athletic fields, (15) skeet or trap shooting if not nearer than 800 feet to any residence other than the lessor or owner of the site, (16) radio stations, (17) cemeteries, (18) temporary carnivals and circuses, operating not longer than 10 days.

In the F–Districts any of the following *special uses* may be established but only after there has been compliance with the provisions of Section 24½: (1) institutions for the care of the insane or feeble-minded, (2) institutions for the aged and for children, (3) penal and correctional institutions, (4) transmitting and receiving radio and television towers exceeding 100 feet, (5) stadiums, auditoriums, race tracks of all kinds, automobile testing grounds, arenas and fair grounds, (6) removal of black dirt or top soil, stone, gravel and clay (sites of fixed plants for processing such materials shall be classified in the I–2 Districts), (7) house trailer camps or courts, (8) automobile

372

drive-in theaters, (9) motels, (10) junk or salvage yards.

Section 1 of the 1940 Cook County Zoning Ordinance reads in part as follows:

### Section 1. General.

A. Short Title. This ordinance shall be known and may be cited as the Zoning Ordinance of Cook County.

B. Scope of Regulations. Except as provided by this ordinance and except after obtaining written permission from the enforcing officer, it shall be unlawful outside the limits of cities, villages and incorporated towns in Cook County.

(1) To establish any use of a building, structure or land, either by itself or in addition to another use.

(2) To expand, change or re-establish any nonconforming use.

(3) To erect a new building or structure or part thereof.

(4) To rebuild, structurally alter, add to or relocate any building or structure or part thereof.

(5) To reduce the open space or plat area required for a building or structure, or to include any part of such open space or plot area as that required for an adjoining building or structure.

(6) To provide or connect onto water supply or sewage disposal facilities.

C. Incidental Uses. Unless otherwise prohibited or restricted, a permitted use also allows uses, buildings and structures incidental thereto if located on the same site or building plot. However, such incidental uses, buildings and struc-

tures shall not be established or erected prior to the establishment or construction of the principal use or building and shall be compatible with the character of the principal use. A professional office or home occupation, as defined in Section 22, may be conducted in connection with any residence.

Section 5.2 of the 1960 Comprehensive Amendment to the Cook County Zoning Ordinance is as follows:

5.2 Authority to Continue Non-Conforming Building, Structures, and Uses.

Any non-conforming building, structure, or use which existed lawfully at the time of the adoption of this comprehensive amendment and which remains non-conforming, and any such building, structure, or use which shall become non-conforming upon the adoption of this comprehensive amendment or of any subsequent amendments thereto, may be continued, subject to the regulations which follow.

 As to the first question raised, namely, whether the trailer is a residential or otherwise permitted use within the provisions of the 1940 ordinance, we think there can be little doubt that it is a residence as that term is used in the ordinance. Nowhere in the ordinance is the term "residence" defined, therefore, barring any showing of a contrary legislative intent (none is here shown), the term is presumed to carry its normal accepted meaning. A residence is the place where one resides, and it is undisputed that since 1959 plaintiff has resided in the subject trailer. The 1960 Comprehensive Amendment to the Cook County Zoning Ordinance substitutes the words "single family dwellings" for "single family residences" in setting forth the permitted uses for the various zoning dis-

tricts defined by the ordinance. Dwelling and residence are substantially synonymous terms. Article III, section 3.2 of the 1960 ordinance defines dwelling as, "a building or portion thereof, but not an automobile house trailer, designed or used exclusively for residential occupancy, including single family dwellings, two family dwellings, and multiple family dwellings, but not including hotels or lodging houses." It is significant to note that the county thought it necessary in 1960 to exclude automobile house trailers from the definition of dwellings and to limit the definition to buildings or portions thereof.

 In addition, the use of the trailer was incidental to the use of the property as a dog kennel. We take judicial notice of the fact that it is necessary, in order to operate a dog kennel, to have an attendant on the premises to feed and care for the animals. While it may not be necessary that the attendant be present around the clock, shelter must be provided for him during the hours that he is on the premises. The trailer, therefore, was incidental to the permitted dog kennel use in that it supplied the necessary shelter for the attendant. The fact that the attendant and the owner were one and the same in the instant case, and the fact that the owner resided in the trailer does not alter this fact.

Under section 1C of the 1940 Cook County Zoning Ordinance a permitted use (dog kennel in this case) also allows uses, buildings and structures incidental thereto unless otherwise prohibited or restricted. Nowhere in the F (Farming) classification of the 1940 Cook County Zoning Ordinance is the use of a house trailer prohibited, and, actually, under that classification house trailer camps or courts may be installed as a special use upon obtaining permission from the proper authorities. The use being made of this prop-

erty was not that of a house trailer camp or court but merely a residential use and one incidental to the permitted use as a dog kennel.

Section 1 of An Act in relation to county zoning (Ill Rev Stats 1959, c 34, par 3151) provides that counties are given the power to regulate and restrict the use of buildings, structures and land for the purpose of promoting the public health, safety, morals, comfort and general welfare, and are given the power to prohibit uses, buildings or structures incompatible with the character of such districts. Surely, a house trailer would not tend to downgrade a district which permitted uses for specialized poultry, pigeon, rabbit and other animal farms, mushroom barns, greenhouses, nurseries, dog kennels, riding stables and the like.

In Western Theological Seminary v. City of Evanston, 325 Ill 511, 521, 156 NE 778, 782, the court said:

"The privilege of every citizen to use his property according to his own will is both a liberty and a property right. 'Liberty' includes not only freedom from servitude or restraint, but also the right of every man to be free in the use of his powers and faculties, to pursue such occupation or business as he may choose, and to use his property in his own way and for his own purposes, subject only to the restraints necessary to secure the common welfare. (Ruhstrat v. People, 185 Ill 133; Frorer v. People, 141 id. 171; Haller Sign Works v. Physical Culture Training School, 249 id. 436.) Both liberty and property are subject to the police power of the State, under which new burdens may be imposed on property and new restrictions placed on its use when the public welfare demands it. The police power is, however, limited to enactments having reference to the public health, comfort, safety or welfare. An act which deprives a citizen of his liberty or

376

property rights cannot be sustained under the police power unless a due regard for the public health, comfort, safety or welfare requires it."

See also State Bank & Trust Co. v. Village of Wilmette, 358 Ill 311, 193 NE 131.

■ Since under the 1940 Cook County Zoning Ordinance a single family residence was a permitted use for defendant's property and the ordinance did not prohibit a house trailer, and since the same ordinance authorizes incidental uses to those set up in each classification, we cannot see how it can be contended that the use of the house trailer located on the nine acres of property owned by the defendant in this case is a prohibited or unlawful use under the 1940 ordinance.

■ We now come to the question as to the failure of the defendant to obtain a permit in 1959 when he moved the house trailer on the property. Since we have found that the house trailer was a permitted use under the 1940 Cook County Zoning Ordinance, the defendant would have had a clear legal right to force the issuance of a permit to place the house trailer thereon. Does defendant's failure to apply for and if necessary force by litigation the issuance of a permit by the authorities, make his lawful use of the premises an unlawful use? The plaintiff contends that it does. The county by its contention indicates that it has a legal right to take away from a property owner all of his rights to the use of his property, regardless of whether it is promoting the public health, safety, morals, comfort and general welfare. We do not believe that section 1 of An Act in relation to county zoning (Ill Rev Stats 1959, c 34, par 3151) gives counties that power and, indeed, were that the purpose of that section the statute could not be upheld.

■ In Village of Skokie v. Almendinger, 5 Ill App2d 522, 126 NE2d 421, the village sought a manda-

377

tory injunction to prevent the operation of a trailer camp by defendants on property located within the village and to compel the removal of trailers installed on the property. The defendants operated a trailer camp on lots 23, 24 and 57. Prior to the adoption of the zoning ordinance the defendants were the owners of lots 23 and 24, and as to those two lots the operation of the trailer camp was clearly permissible. The defendants had been using lot 57 without the knowledge or consent of the owner of lot 57. Title to lot 57 was acquired from the previous owner before the village brought action. The plaintiff contended that since the defendants had no title to lot 57, nor consent from the owner to use said lot as a trailer camp, they could not claim that the use of lot 57 was a lawful nonconforming use. The court in its decision stated that if the defendants were denied the right to claim a nonconforming use as to lot 57, the powers conferred would deprive the owners of lots 23 and 24 of the right to use or maintain their property for the purpose to which it was then lawfully devoted. The court further concluded that the use of the property, including lot 57, as a trailer camp was not unlawful within the contemplation of the statute or decisions construing it. On page 527 of the Almendinger case the court said:

> "A zoning ordinance may be, in its general aspects, valid, and yet, as to a particular state of facts involving a particular parcel of real estate, be so clearly arbitrary and unreasonable as to result in confiscation, thereby justifying the interposition of a court of equity to restrain its enforcement. (Cases cited.)"

While the foregoing case is not directly in point, the court did in that case hold that a stranger to the title, and, in effect, a wrongdoer, could establish a lawful

378

nonconforming use of property not owned by him. Of course, it is true that the parties who established the nonconforming use acquired title to lot 57 before the institution of that suit but after the zoning ordinance prohibiting the use of the property for a trailer camp became effective.

Neither party has called our attention to any Illinois case wherein the precise question before us was decided and we have found none.

In City of Rochester v. Olcott, 173 Misc 87, 16 NYS2d 256, a house trailer was occupied on property without first having obtained a permit as required by city ordinance. No zoning ordinance was violated due to the location of the trailer, however, a permit was required. In that case the court held that the police power is exercised to promote the health, comfort, safety and welfare of society, and if the occupancy of a trailer does not menace the health or welfare of the person living in it, nor of the neighborhood around it, then a permit may not be required. The court there also said that the first inescapable requirement of life in our northern climate is shelter, and said further in the opinion "on what ground may the municipality command that he obtain a permit—or be shelterless?" That court further stated that permits are ordinarily required to construct or alter a building to insure compliance with the provisions of a building code, and stated: "However, when the building or structure is completed in accordance with the building provisions, then, if a dwelling, no permit is necessary or may be required before the owner may occupy it as a residence. This is elementary."

In the case before us the house trailer having been placed upon the property while the 1940 ordinance was in effect, and having been used by the defendant both as his residence and in conjunction with

379

the dog kennel use, and not being in violation of the 1940 Comprehensive Zoning Ordinance, the failure of the owner to obtain a permit did not make the otherwise lawful use of his land an unlawful use. Assuming that under the statute the county has a right to require the owner to obtain a permit before making any use of his land, the owner's failure so to do could result only in a prosecution for a misdemeanor for violation of the ordinance requiring the owner to obtain a permit. Of course, if the use being made of the property was one not allowed in the particular district by the zoning ordinance, the county could successfully enjoin such use, but, as we have pointed out, the residential use in the present case was one allowed in an F (Farming) district, and such use was also incidental to the conduct of a dog kennel, a lawful use under the 1940 Cook County Zoning Ordinance.

The defendant in this case was prosecuted for violation of the zoning ordinance for having parked and located a house trailer on the defendant's property on the 27th day of November, 1959. The action was brought in the county court of Cook County in a suit entitled "People of the State of Illinois v. Max Hoyte." The defendant in that action, Max Hoyte, is the same person as the Mac Hoytt, defendant herein. The defendant was found not guilty by a jury in that case. The defendant contends in the case before us, that the same issues determined in the prosecution for the violation of an ordinance in the county court are presented here, and the issues are therefore res judicata, and the prior verdict operates as an estoppel.

In the view we have taken of this case, it is unnecessary for us to decide this question other than to say that the quantum of evidence required in the criminal prosecution differs from that required in a civil case. We conclude that the defendant's use of a house trailer on his premises is lawful both because the

380

trailer was a single family residence, a lawful use under the 1940 Cook County Zoning Ordinance, and because its use is incidental to the dog kennel operated thereon, which was a lawful use under the ordinance. The failure of the defendant to obtain a permit cannot make an otherwise lawful use an unlawful one despite the wording of the zoning ordinance. The statute has not given the county the power to declare all uses unlawful without regard to the public health, safety, morals, comfort and general welfare.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.