**STATE ex rel. John H. WILKERSON and Barbara Wilkerson, his wife, Relators-Appellants,**

**v.**

**David E. MURRAY, Director of Public Works, and St. Louis County, Missouri, a Body Corporate and Politic, Respondents.**

No. 55340.

Supreme Court of Missouri, Division No. 1.

Feb. 8, 1971.

As Modified on Court's Own Motion March 8, 1971.

Motion to Transfer to Court En Banc or for Rehearing Denied March 8, 1971.

Certiorari Denied Oct. 12, 1971.

See 92 S.Ct. 87.

Shaw, Hanks & Bornschein, Clayton, for relators-appellants.

Joseph B. Moore, St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, Morton I. Golder, Associate County Counselor, Clayton, for respondents.

HOLMAN, Judge.

Relators, John H. and Barbara Wilkerson, husband and wife, are the owners of a

lot located in R-5 Residence Zoning District of St. Louis County. They were denied a permit to locate and occupy a house trailer on their lot to be used as a residence. In this mandamus action they attack the constitutionality of the ordinance precluding such use of their property. In the trial court the alternative writ of mandamus was quashed and peremptory writ denied. Relators have appealed from the judgment entered. We have appellate jurisdiction because, among other grounds, St. Louis County is a party.

The stipulated facts include the following: "The property owned by Relators as described in Relators' second amended petition is located within the 'R-5' Residence District. A single family dwelling is a permitted use in said district when situated on tracts of land providing at least 6,000 sq. ft. lot area for each dwelling unit. The property owned by Relators as described in Relators' second amended petition is 100 x 193 ft., containing 19,300 sq. ft. in area. Said property is located in the unincorporated area of St. Louis County and is subject to and under the jurisdiction of St. Louis County. * * * Respondents refuse to issue a permit to Relators for the occupancy of a mobile home on the property owned by Relators for the reason that a house trailer or mobile home as a place of abode on the real estate in question is not a permitted use or conditional use under the provisions of § 1003.119 SLCRO 1964, as amended, the 'R-5' Residential District Regulations. * * * The Zoning Ordinance of St. Louis County defines 'single family dwelling' in such a manner as to prohibit the occupying of trailers and mobile homes in places other than mobile home parks. The mobile home sought to be occupied by Relators was to be occupied by one family * * * ." The ordinance in question permits use of the land in R-5 District for single family dwellings and defines a "dwelling" as "any building, or portion thereof, used exclusively for human habitation, except hotels, motels, or house trailers."

If the ordinance before us is valid it is conceded that relators are prohibited from locating and occupying a house trailer on their lot. They contend, however, that the ordinance is unconstitutional because in violation of the due process and equal protection provisions of Art. I, § 10, Missouri Constitution, V.A.M.S., and the Fifth and Fourteenth Amendments to the U. S. Constitution. They say that they have complied with all health and other zoning requirements and should not be prohibited from using their trailer as a single family dwelling by reason of an ordinance which was enacted for aesthetic reasons only and hence is an improper and unconstitutional use of the police power.

At the outset of our consideration of this question we should have before us certain general rules relating to the subject of zoning. "The zoning powers vested in charter counties by the Constitution are in the public interest and designed to promote the public health and welfare the same as zoning provisions of cities." St. Louis County v. City of Manchester, Mo.Sup., 360 S.W.2d 638, 642. "The legislative body, in this instance the St. Louis County Council, has the duty to determine the use classification to be given any particular area. Unless it should appear that the conclusion of that body is clearly arbitrary and unreasonable, the court cannot substitute an opinion for that of the Council in zoning the property in question and establishing the boundary lines. If the Council's action in zoning a property is fairly debatable, the court cannot substitute its opinion as to appropriate zoning. Landau v. Levin, 358 Mo. 77, 213 S.W.2d 483, 485 [2, 3]. The Zoning Ordinance in question having been enacted by the legislative body is presumed to be valid and appellants, having challenged the reasonableness of the ordinance as applied to specific property, have the burden of proving its unreasonableness. Flora Realty & Inv. Co. v. City of Ladue, 362 Mo. 1025, 246 S.W.2d 771, 778 [6]." Desloge v. County of St. Louis, Mo.Sup., 431 S.W.2d 126, 131, 132.

And, although there are exceptions, "it is the general rule that when a legislative body enacts a statute or ordinance which prescribes the meaning to be given to particular words or terms used by it, such meaning is binding on the courts even though at variance with the common and ordinary understanding of the words or terms." State ex rel. Housing Authority of St. Louis County v. Wind, Mo.App., 337 S.W.2d 554, 560.

■ We have concluded that the ordinance here in question bears a substantial relationship to the public health, safety, morals or general welfare; that it is not clearly arbitrary and unreasonable, and hence is not unconstitutional. There does not appear to be any case in this state which has decided this particular question but our view is in accord with the great weight of authority elsewhere in this nation. It has been said that "[m]obile homes, as defined in most ordinances and as characterized by most courts, are dwellings. They are residential uses which possess special characteristics which warrant their separate regulation. Thus, they may be confined to mobile home parks, or may be excluded from residential districts. * * * They may be so excluded on the ground that they tend to stunt the growth potential of the land, or on the ground that they involve potential hazards to public health. Absent exceptional circumstances, the exclusion of this use from a residential district is not regarded as unreasonable." Vol. 2, Anderson, American Law of Zoning, § 11.52, p. 372. The precise question under consideration was presented in Napierkowski v. Gloucester Township, 29 N. J. 481, 150 A.2d 481. In holding the ordinance to be valid the court stated that "many local ordinances have, in effect, totally prohibited the use of trailers as permanent residences. And these attempts, for the most part, have been upheld by the courts. * * * The decisions elsewhere highlight the fact that the use of trailers as permanent residences present problems which are oft-times inimical to the general

welfare. In addition to the obvious health and safety hazards there are other considerations which a municipality must take into account in regulating the use of trailers. Two of the basic concepts of sound zoning, encouragement of the most appropriate use of land and conservation of property values, may be undermined by the indiscriminate location of trailers within a municipality. There can be little doubt that the maintenance and use of a trailer in a particular locale would tend to stifle development of the area for residential purposes. And from the point of view of aesthetic considerations (which are inextricably intertwined with conservation of the value of property) trailers may mar the local landscape. * * * It is our view that the provisions of the zoning ordinance prohibiting the location of trailers in residence districts and placing plaintiff's lot in a residence district bears a reasonable relationship to the purposes of zoning," and that "prohibition of trailers as residences at other than duly licensed trailer parks or camps is a reasonable exercise of the police power, designed to promote the general health, safety and welfare of the municipality by assuring that adequate provisions are made for drainage, sewerage facilities, water and lighting of trailers and operates to centralize and facilitate enforcement of the aforesaid requirements." 150 A.2d 487, 488, 489. A similar ordinance was held to be constitutional in Cooper v. Sinclair (Fla.), 66 So.2d 702. In so ruling the court stated that "[t]he enactment of an ordinance which requires that house trailers used and occupied for living quarters be located in certain designated areas is a reasonable exercise of police power and in direct pursuance of the authority conferred on municipalities to adopt regulations designed to 'promote health and the general welfare' * * *. Appellant has failed to show that the ordinance here in question is not better calculated to promote the health and general welfare of the citizens of Lakeland, to conserve the value of properties, and to encourage the most appropriate use of land, than would be the case

were indiscriminate parking and use of trailers permitted throughout the city." 66 So.2d 705, 706. Other cases which tend to support our decision are Town of Manchester v. Phillips, 343 Mass. 591, 180 N.E. 2d 333; Town of Southport v. Ross, 284 App.Div. 598, 132 N.Y.S.2d 390; Livingston Township v. Marchev, 85 N.J.Super. 428, 205 A.2d 65; Town of Granby v. Landry, 344 Mass. 443, 170 N.E.2d 364, and People v. Clute, 18 N.Y.2d 999, 278 N.Y.S. 2d 231, 224 N.E.2d 734.

■ We do not agree with relators' contention that the ordinance under consideration was enacted for aesthetic reasons only. The cases heretofore cited demonstrate that there are a number of valid reasons for such zoning. Moreover, it would be almost impossible to separate aesthetic reasons from other considerations since such reasons are "inextricably intertwined" with most of the other considerations mentioned above. We also consider it appropriate to suggest that recent cases decided by this court attach more importance to aesthetic considerations than have some of our prior cases. See Deimeke v. State Highway Commission, Mo.Sup., 444 S.W.2d 480, and State ex rel. Stoyanoff v. Berkeley, Mo. Sup., 458 S.W.2d 305.

The authorities cited by relators have been carefully considered but we have concluded that they do not render substantial support for their contention. The first case cited, Boxer v. Town of Harrison, 175 Misc. 249, 22 N.Y.S.2d 501, ruled an ordinance invalid which prohibited the parking of a trailer on the owner's premises without a license. But in the later case of Town of Southport v. Ross, supra, the New York court held that Boxer was not applicable to a situation like the one here involved. Morris v. Township of Elk, 40 N.J.Super. 34, 122 A.2d 15, dealt primarily with the power to regulate trailer parks. A statement of dictum therein would appear to support relators' contention. The case of City of Rochester v. Olcott, 173 Misc. 87, 16 N.Y.S.2d 256, is not a true zoning case but rules invalid the requirement for a license in order to occupy a trailer in the city for more than 48 hours. The opinion contains some statements which tend to support relators' contention but we note that it is a decision by the City Court of Rochester and we are not persuaded to follow it. We do not consider the cited case of Women's Kansas City St. Andrew Soc. v. Kansas City, Mo., 58 F.2d 593 (8 Cir.1932), to be applicable to the factual situation before us. In that case an ordinance was held invalid which prevented plaintiffs from using its property as an "Old Ladies Home." But there the property was to be continued to be used as a residence; only twelve persons were to occupy it and the exterior and interior of the residence remained unchanged and always conformed to the ordinance. The case was apparently cited in support of the rule that mere aesthetic consideration will not support the restrictions contained in zoning ordinances.

As we have indicated, we think the reasoning in the cases supporting the majority view is sound and that those cases should be followed by this court. We accordingly rule that the ordinance here involved does not violate the constitutional provisions relied on by relators and hence is valid.

The judgment is affirmed.

All concur.