■ In the Matter of GEORGE SUDDELL, Respondent, v. ZONING BOARD OF APPEALS OF THE VILLAGE OF LARCHMONT, Appellant.—In a proceeding pursuant to article 78 of the CPLR to review appellant's determination denying petitioner's application for a special permit to park a travel trailer at his home, the appeal is from a judgment of the Supreme Court, Westchester County, dated January 7, 1974, which annulled the determination and directed that appellant issue such permit. Judgment affirmed, without costs (*Boxer* v. *Town of Harrison*, 175 Misc. 249; 17 Opns. St. Comp. 1961, p. 84; 19 Opns. St. Comp. 1963, p. 377; 24 Opns. St. Comp. 1968. p. 540; 1 Anderson, New York Zoning Law and Practice [2d ed.], § 11.42, p. 560). Hopkins, Acting P. J., Latham, Shapiro and Brennan, JJ., concur; Munder J., dissents and votes to reverse the judgment, dismiss the petition and confirm appellant's determination, with the following memorandum: In the Village of Larchmont a special permit is required from the appellant Zoning Board of Appeals before a homeowner is permitted to store a house trailer on his premises. At the time petitioner applied for his permit the zoning ordinance (art. IV, col. 4, item 4) provided that such storage could not be "within the front yard of the property nor within 30 feet of the curb line of a side yard abutting a street." Petitioner's trailer met these specifications, but his application was nevertheless denied by reason of another portion of the ordinance dealing with special permits, which provided as follows (§ C, subd. 3, par. b) : "In residential districts each special permit use and building, shall be a sufficient distance from adjacent land and buildings so as not to impair the use, enjoyment and value thereof, and the nature and intensity of such special permit use * * * shall not be * * * incongruous or detrimental to the predominant residential and

prevailing character of the surrounding neighborhood." Special Term annulled the Zoning Board's determination essentially on the grounds (1) that the latter provision contained no standard as to what "shall be a sufficient distance from adjacent land and buildings so as not to impair the use, enjoyment and value thereof" and (2) that there was no testimony at the public hearing held in connection with petitioner's application tending "to indicate that the use of any *adjacent* [emphasis by Special Term] land and buildings was impaired". The majority in this court are affirming Special Term on the ground that a village may not require a permit for the parking of an unoccupied trailer on the owner's property, because such a requirement has no connection with promoting the health, comfort, safety and welfare of the community (citing *Boxer* v. *Town of Harrison,* 175 Misc. 249, and other authorities). I vote to reverse for several reasons: First, effective March 4, 1974, the ordinance governing the storage of house trailers by property owners was amended to allow it, with a special permit, "provided such storage is not within the front yard of the property nor within thirty feet of the curb line of a side yard abutting a street, *and also provided that such storage is at least six feet (6') from the side and rear property line of said property*" [emphasis added]. Under this amendment, petitioner's application clearly must be rejected because his trailer is stored within two feet of his side property line. An appellate court must apply the law as it exists at the time of its decision (*Matter of Demisay, Inc.* v. *Petito,* 31 N Y 2d 896; *Wyndover Woods Props. Corp.* v. *Town of Greenburgh,* 27 A D 2d 947). Second, I cannot agree there was no evidence to show that the use of the adjacent land was impaired. The two photograph exhibits contained in the record show vividly that the trailer is practically parked on the adjoining property. There is no buffer to screen the trailer, which incidentally is 16 feet long, 7 feet wide and 8 feet high, from view. It clearly is an eyesore in this residential neighborhood and the Zoning Board members who were familiar with the area could find it "incongruous". Certainly the four property owners from the same block who voiced their objections at the hearing thought so. Third, and finally, the rationale of the *Boxer* case (decided in 1940), relied upon by the majority, is outdated. A zoning ordinance need not promote health, comfort, safety, etc., to be upheld. The aesthetics of the neighborhood is a valid, legitimate zoning goal (see 1 Anderson, American Law of Zoning, §§ 7.23, 8.26, see, also, *Township of Livingston* v. *Marchev,* 85 N. J. Super. 428). As stated in *People* v. *Stover* (12 N Y 2d 462, 466–467) : "In addition, we have actually recognized the governmental interest in preserving the appearance of the community by holding that, whether or not aesthetic considerations are in and of themselves sufficient to support an exercise of the police power, they may be taken into account by the legislative body in enacting laws which are also designed to promote health and safety". In my view, the legislation under consideration here was a reasonable attempt to promote the aesthetics of this residential village. I vote to confirm the Zoning Board's determination based thereon.