*314
 
 Jasen, J.
 

 At issue is the validity of a provision of a village zoning ordinance regulating by special permit the outside storage of "mobile and house trailers” in a single-family residential zone.
 

 The petitioner, a retired person, owns a single-family home situated in a single-family residential zone of the Village of Larchmont, Westchester County. The property measures 62.5 feet by 100 feet. A one-car detached garage is located to the rear at the northwesterly corner of the property. A driveway about 10 feet wide and 70 feet in length runs in a northerly direction from the street along and about two feet from the westerly side line of the property. In 1969, the petitioner bought a travel trailer which he stores in the driveway. The vehicle is approximately 16 feet long, 7 feet wide and 8 feet high.
 

 In 1970, the Village of Larchmont adopted an amendment to its Zoning Ordinance making outside storage of mobile and house trailers a permitted use by special permit of the Board of Appeals. The ordinance provides:
 

 "Uses Permitted Subject to Special Permit of Board of Appeals
 

 * * *
 

 "4. Outside storage of mobile and house trailers is prohibited unless mobile or house trailers are owned by the owners or occupants of the property used for storage and provided such storage is not within the front yard of the property nor within 30 feet of the curb line of a side yard abutting a street.” (Village of Larchmont Zoning Ordinance, art IV, col 4.)
 

 Uses permitted by special permit are subject as well to the following standards:
 

 "a. Each special permit use shall be of such location, size and character that in general it will be in harmony with the orderly development of the district in which it is situated and will not be detrimental to the orderly development of adjacent districts.
 

 "b. In residential districts each special permit use and building, shall be a sufficient distance from adjacent land and buildings so as not to impair the use, enjoyment and value thereof, and the nature and intensity of such special permit use and traffic involved in such use shall not be hazardous or create traffic or other hazards or be incongruous or detrimen
 
 *315
 
 tal to the predominant residential and prevailing character of the surrounding neighborhood.
 

 * * *
 

 "d. In issuing any special permit the Board of Appeals shall impose any conditions that it may deem necessary to accomplish the reasonable application of said standards, and shall deny any such application which in its judgment is not in accordance with said standards.” (Village of Larchmont Zoning Ordinance, § C, subd 3.)
 

 As with all applications for a variance or special permit from the Board of Appeals, there is a $15 fee.
 

 In May, 1973, upon advice of the village engineer, petitioner applied for a special permit under the ordinance. The $15 fee was paid, but under protest. After a hearing, four persons appearing in opposition, the petitioner in favor, the application was denied. This review proceeding then ensued.
 

 Special Term annulled the decision of the Board of Appeals and directed that a permit issue, noting an absence of testimony at the hearing that the use and value of adjacent land was impaired. The Appellate Division, one Justice dissenting, affirmed, citing among other authorities
 
 Boxer v Town of Harrison
 
 (175 Misc 249), which held unconstitutional a town ordinance requiring a license for parking or storage of an unoccupied trailer on private property.
 

 We agree with dissenting Justice Fred J. Munder that the permit denial was not arbitrary and that the ordinance represents a reasonable exercise of the municipal police power.
 

 After a hearing, the Board of Appeals, being familiar with the location of the property in the vicinity and the character of the neighborhood, and having before it photographic exhibits of the trailer parked in petitioner’s driveway, denied the application. On this record, we cannot say that there was no evidence of an adverse impact on adjoining or neighboring properties or that the board, in denying the application, acted arbitrarily.
 

 We think this ordinance is also sustainable as a constitutionally reasonable exercise of the municipal police power. It is but a different application of the principle recognized in prior decisions of this court to uphold the power reasonably to regulate in the name of the police power the outside storage of unoccupied trailers upon property zoned single-family residential.
 
 (People v Stover,
 
 12 NY2d 462, app dsmd 375 US 42;
 
 *316
 

 Matter of Cromwell v Ferrier,
 
 19 NY2d 263;
 
 People v Goodman,
 
 31 NY2d 262.) Depending on the local circumstances and community setting the legislative body might reasonably determine that the outdoor storage of such vehicles, like the outdoor use or display of a clothesline
 
 (People v Stover, supra)
 
 or billboard
 
 (Matter of Cromwell v Ferrier, supra)
 
 or large commercial sign
 
 (People v Goodman, supra),
 
 would be unnecessarily offensive to the visual sensibilities of the average person and would materially and economically detract from the community or district pattern.
 
 (See Wright v Michaud,
 
 160 Me 164, 174.)
 

 On the record before us, we cannot say that the challenged ordinance on its face or as applied to this petitioner restricts unreasonably. The ordinance is largely regulatory, rather than prohibitory. Outside storage is not prohibited per se. The ordinance provides merely that a trailer stored outside must be owned by the owner or occupant of the property upon which it is stored and such storage may not be in a front yard nor within 30 feet of the curb line of a side yard abutting on a street.
 
 *
 
 Additionally, the Zoning Board of Appeals may impose reasonable conditions to the grant of a permit so as to mitigate the impact of the use upon the neighborhood. This is usual with uses permitted by special exception permits.
 

 Nor do we think that the ordinance is made unreasonable merely because outside storage of boats and boat trailers in this Long Island Sound community is not subject to the same special permit requirement. (Village of Larchmont Zoning Ordinance, § C, subd 5; see
 
 Village of Glenview v Van Dyke,
 
 98 Ill App 2d 118.)
 

 We note that what authorities there are in other jurisdictions are in accord.
 
 (Village of Glenview v Van Dyke, supra; Township of Livingston v Marchev,
 
 85 NJ Super 428, app dsmd 382 US 201.)
 

 Accordingly, the order of the Appellate Division should be reversed and the petition dismissed.
 

 
 *317
 
 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, with costs, and petition dismissed.
 

 *
 

 We note that during the pendency of this proceeding, the ordinance was amended, effective March 4, 1974, to provide also that such storage must be at least six feet from the side and rear property line. Concededly, petitioner cannot comply with this additional requirement. Ordinarily, were the constitutional question not in the case, that would be sufficient ground to reverse because an appellate court is bound to apply the law as it is at the time of its decision.
 
 (Matter of Demisay, Inc. v Petito,
 
 31 NY2d 896.)