In the Matter of RAMBLER HOMES, INC., Appellant, v TOWN OF DOVER PLANNING BOARD et al., Respondents.—Appeal by petitioner, as limited by its brief, from so much of a judgment of the Supreme Court, Dutchess County, dated August 14, 1978, as determined that the Interim Development Law of the Town of Dover is not unconstitutional as to the absolute prohibition of mobile home parks. Appeal dismissed, without costs or disbursements. The comprehensive zoning ordinance of the Town of Dover was declared null and void in June, 1977. However, in May, 1977, the

town had adopted a local law designated as the "1977 Interim Development Law of the Town of Dover", and extended the expiration date thereof by successive amendments and instituted steps toward the enactment of a new comprehensive zoning ordinance. Petitioner's subsequent application for a permit to construct a mobile home park was denied on the ground that in accordance with the Interim Development Law, no trailer park permits were being issued. Petitioner initiated this proceeding in which it seeks a declaration that the portion of the interim law which places a moratorium on all new mobile home parks is null and void on the ground of unconstitutionality. In a decision dated July 19, 1978, Special Term treated the instant proceeding as an action for a declaratory judgment. After noting that "the 'stop-gap' zoning, or, moratorium, if you will, has been in effect for slightly more than one year, and the record discloses that the town board and other agencies of the Town of Dover have been diligently pursuing the development of a comprehensive plan with the purpose of adopting a permanent zoning ordinance", Special Term upheld the constitutionality of the interim zoning law "without prejudice to further proceedings should the respondents fail to adopt a comprehensive zoning ordinance within a reasonable time." That same language was repeated in the judgment entered thereon and dated August 14, 1978. Petitioner's brief on the appeal is silent as to the status of the proposed comprehensive zoning ordinance and the respondents did not file a timely brief. The appeal was calendared for argument on May 17, 1979 at the Westchester County Courthouse in White Plains, New York, and neither party appeared for argument. However, on the date scheduled for argument, a brief on behalf of the respondents was filed at the Appellate Division Courthouse in Brooklyn. On reading this brief, the court learned for the first time that the interim zoning ordinance had been superseded by the enactment of a comprehensive zoning ordinance on July 17, 1978, two days prior to the decision of Special Term. An appellate court must apply the law as it exists at the time of the appeal *(Matter of Demisay, Inc. v Petito,* 31 NY2d 896, 897). No copy of the superseding comprehensive zoning ordinance having been submitted, the appeal is moot (cf. *Matter of Suddell v Zoning Bd. of Appeals of Vil. of Larchmont,* 36 NY2d 312, 316, n). "The adversary system contemplates that each lawyer will present and argue the existing law in the light most favorable to his client. Where a lawyer knows of legal authority in the controlling jurisdiction directly adverse to the position of his client, he should inform the tribunal of its existence unless his adversary has done so * * * In the final analysis, proper functioning of the adversary system depends upon cooperation between lawyers and tribunals in utilizing procedures which will preserve the impartiality of tribunals and make their decisional processes prompt and just, without impinging upon the obligation of lawyers to represent their clients zealously within the framework of the law" (Code of Professional Responsibility, EC 7-23, EC 7-39). Through ignorance, inadvertence or intent, the attorneys for both parties in this case failed to make known to Special Term, or to this court until after the time scheduled for argument, that the interim zoning law which is the subject of this proceeding had been superseded by a comprehensive zoning law prior to the decision at Special Term. Such conduct evinces disdain for the courts and fosters disrespect for the judicial process. Should there be a recurrence of this conduct, the court may consider the imposition of appropriate sanctions. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.